Coös,
Dec. 7, 1926.

### ERNEST COUTURE v. GEORGE W. BROWN.

The suspension of sentence after conviction with an accompanying order, "mittimus to issue on call of county solicitor," is neither an infringement of the pardoning power nor an attempted delegation of judicial power, but is a constitutional, just and convenient procedure, and the call for the mittimus is an exercise not of judicial but of administrative power: in such case, the court has power to deal thereafter with the matter if justice so demands.

A respondent against whom sentence has been stayed upon a certain condition cannot be heard to say that the condition was invalid.

Laws 1917, c. 147, prescribing the terms upon which a sentence for a first offense against the prohibitory act may be suspended, limits the judicial power of suspension by making its exercise conditional upon the respondent's refraining from further violation of the act; and such condition is necessarily implied in the order of suspension.

If the condition upon which a sentence is stayed be illegal, the sentence will not be invalidated thereby.

PETITION, for a writ of habeas corpus. The defendant is the sheriff of Coös county. On May 23, 1925, the petitioner was tried by jury for a violation of the prohibitory law (Laws 1917, c. 147), and found guilty. The sentence of the court was as follows: "Fine of $100 and 30 days in jail, jail sentence suspended on payment of fine and costs; mittimus to issue on call of county solicitor."

On June 9, 1926, the solicitor requested the clerk to issue a mittimus based on this sentence. A mittimus was issued wholly in compliance with this request, without notice to the petitioner, and without hearing. The detention under this mittimus constitutes the restraint complained of.

On these facts, the petition was denied by *Burque,* J., subject to· the petitioner's exception, and thereupon transferred.

*Ovide J. Coulombe,* for the petitioner.

*Harry G. Noyes,* solicitor, for the defendant.

MARBLE, J.   Although in many jurisdictions the power of the· court to suspend execution of sentence 'has been denied as an in-- fringement on the pardoning power of the executive, that doctrine· has never prevailed in this state. *State* v. *Drew,* 75 N. H. 402; *Philpot* v. *State,* 65 N. H. 250; *Sylvester* v. *State,* 65 N. H. 193.

The petitioner concedes that this is true,' but contends that the· order relating to the issuance of the mittimus constitutes a deputa-- tion of judicial authority, and is therefore void.   He also claims that· this question was not passed upon in *State* v. *Drew, supra.*

One of the specific grounds of complaint in *State* v. *Drew* was that· the court had attempted to delegate judicial power to the county solicitor.   269 Briefs and Cases, 1, 14.   This question was argued at· length in the petitioner's brief, and the opinion holds that the court· "had power to make the part of the order complained of."   Any possible doubt, however, that the question was definitely decided in. that case is resolved by an examination of the later case of *State* v. *Drew,* 75 N. H. 604.   The main contention there advanced was that· the act of the solicitor was invalid under the rule of *Jaffrey* v. *Mont Vernon,* 8 N. H. 436, as "an assumption of judicial power."   272· Briefs and Cases, 269.   The case held that the question presented had.been decided in *State* v. *Drew,* 75 N. H. 402.

Orders like that under discussion have been common in this state· for many years, and have afforded a just and convenient method of administering the criminal law.   They do not contemplate judicial action in the sense of a further hearing either on the part of the· solicitor or the court.   Enforcement of the sentence is merely post- poned to become effective at the solicitor's request.   Under such cir- cumstances, calling for the mittimus would appear to be an exercise of administrative rather than judicial power.   *State* v. *Corron,* 73 N. H. 434, 462.

But whether such authority, whatever its nature, can properly be conferred upon a county solicitor is a question of no practical consequence in the case at hand, nor does it matter if the present solicitor in exercising that authority acted virtually as a probation.

·officer. The petitioner was not entitled as of right to any indulgence whatever. The stay of sentence was a favor to him (*Philpot* v. *State*, 65 N. H. 250, 251), and having accepted that favor, he cannot now be heard to say that the condition on which it was granted is invalid. *State* v. *Sterrin*, 78 N. H. 220, 222; *State* v. *Railroad*, 75 N. H. 327, 333–335, and cases cited.

"It is necessary to remember that the defendant has been convicted; that the court has the power to inflict the full measure of punishment; that if a defendant, thus in peril of suffering the full penalty of the law, is not visited with it, many things may happen favorable to him; while nothing worse than his present plight can possibly happen. If a defendant thus circumstanced sees fit not to ·object, or to acquiesce, I do not see who else is concerned that can complain, nor how he can legitimately complain." *State* v. *Osborne*, 79 N. J. Eq. 430, 445.

Similar views are expressed in the following cases: *Fuller* v. *State*, 100 Miss. 811, 820; *State* v. *Everitt*, 164 N. C. 399, 402; *Weber* v. *State*, 58 Oh. St. 616, 619.

Nor is any injustice likely to be done a respondent by suspending his sentence subject to enforcement by the solicitor, for the court can still deal with the situation if justice so demands. *State* v. *Owen*, 80 N. H. 426.

It is further suggested that in no event can the order in question be lawfully made in a case involving a violation of Laws 1917, c. 147, since section 26 of that act prescribes the express terms on which sentences may be suspended.

The palpable object of this section is to insure the prompt and vigorous enforcement of the prohibitory law. It does not purport to confer authority on the court, but rather to limit the full exercise of an authority already possessed. *State* v. *Drew*, 75 N. H. 402, 403. Sentence for a first offense can be suspended only so long as the re-·spondent refrains from violating any of the provisions of the act. This restriction, if not expressly stated in the order of suspension, is necessarily implied, and it is the solicitor's duty to call for a mittimus whenever he learns that a respondent whose sentence has been thus suspended has again violated the law. On the other hand, there is nothing in the statute which forbids the issuance of the mittimus on other sufficient grounds.

Suspension of sentences is not obligatory. The sentence in the present case was suspended either on the condition imposed, or not at all. To permit the condition, if illegal, to work an absolute and

unqualified suspension would be contrary to the provisions of the·
statute. Its illegality would nullify the stay of sentence, while the·
sentence itself would remain unimpaired, a legal basis for commit–
ment.  *State* v. *Drew, supra.*

                                        *Exception overruled.*

All concurred.