Exeter Municipal Court,
No. 4564.

IN RE PAUL POULIN.

Argued February 6, 1957.
Decided February 28, 1957.

*Sleeper & Mullavey* (*Mr. Mullavey* orally) for the petitionee.

KENISON, C. J. Juvenile court proceedings in this state are protective and not penal and are designed to rehabilitate minors rather than punish them for the commission of crimes. *State* v. *Lefebvre,* 91 N. H. 382; *Petition of Morin,* 95 N. H. 518, 520. The

statute requires that juvenile delinquency proceedings be heard "in an informal manner." RSA 169:9. The court is not bound "by the technical rules of evidence" (RSA 169:26) and any adjudication "shall not be deemed a conviction." *Id.* The constitutionality of this law was clearly established in *Petition of Morin, supra,* 521, and is not brought into question here. The single question presented in this case is whether a juvenile court may prohibit counsel from appearing in behalf of a juvenile delinquent or his parent.

There is no express provision in the juvenile court law which explicitly allows or prohibits the presence of counsel in juvenile proceedings. The pertinent part of RSA 169:20 reads as follows: "No one shall attend such hearing, unless his presence is necessary either as parent, party or witness, or in the opinion of the court, in the interest of justice . . . . " In the present case it is conceded that counsel is not a parent, nor a party, nor a witness but it is urged that his presence is necessary "in the interest of justice" within the meaning of that statute.

The right to notice and an opportunity to be heard in special proceedings of a civil nature is generally considered to be a basic essential of most judicial proceedings. *DiPietro* v. *Lavigne,* 98 N. H. 294, 295. It is not to be assumed that a statute denies notice and hearing in the ordinary case. A concomitant of an opportunity to be heard in support of or in defense of a claim is the right to the assistance of counsel. *Shioutakon* v. *District of Columbia,* 236 F. (2d) 666. Inasmuch as a finding of juvenile delinquency may result in the child's commitment for the period of his minority, it is quite evident that this may be of serious concern to the child as well as his parents. The custodial rights of parents may be affected. The matters considered may lead to imposition of penalties upon the parents. RSA 169:13, 23. The requirement of a hearing upon the petition (RSA 169:9) even though informally conducted implies a right to the assistance of counsel in order that the parent or party may be fairly and intelligently heard. Specific provision is made for the inspection of records by the "authorized representative of the person concerned" (RSA 169:22) which must be deemed to include counsel. This right would be of little value if it were intended that counsel should be excluded from the proceedings.

The worthwhile objectives of the juvenile courts can be accomplished without prohibiting the child or the parent from obtaining

the assistance of counsel. Rubin, Protecting the Child in the Juvenile Court, 43 J. Crim. L. 425 (1952). It is significant that the right to counsel in juvenile courts has been emphasized by those most interested in the advancement and improvement of juvenile courts. See "Standards for Specialized Courts Dealing with Children," pp. 56, 58 (1954), a publication prepared by Children's Bureau, U. S. Department of Health, Education and Welfare, in cooperation with National Probation and Parole Association and National Council of Juvenile Court Judges.

Some cases have indicated that the right to counsel in a juvenile court proceeding is a constitutional requirement under the federal Constitution. *In re Poff*, 135 F. Supp. 224; 54 Mich. L. Rev. 1000. We find it unnecessary to decide the present case on constitutional grounds since we believe the answer can be found in the statute itself.

We find nothing inconsistent with the right to counsel on the one hand and the laudable objectives of the juvenile court law on the other. Both the child and the parents are entitled to a fair hearing in the juvenile court even though it may not have all the procedural safeguards such as trial by jury and a public trial that would be accorded in the usual prosecution of an adult for a crime. *People* v. *Lewis*, 260 N. Y. 171. It is noted that the interstate compact on juveniles passed by the Legislature in 1955 specifically provides that there shall be notice to the juvenile delinquent and that he shall have the right to counsel. RSA ch. 169-A; Laws 1955, c. 121. We find nothing in the juvenile court law to indicate that the Legislature intended to deprive minors or their parents of the right to counsel and think that the phrase in RSA 169:20 "necessary . . . in the interest of justice" is intended to entitle either the minor or the parent to have counsel present. We believe this statutory interpretation to be consistent with the practice in this state as well as the recent practices in other juvenile courts. *Fleming* v. *Tate*, 156 F. (2d) 848. Furthermore this statutory interpretation is believed to eliminate any possible objections of lack of due process in the administration of the juvenile court law. *Cf.* I Wig. Ev. (3rd *ed.*) s. 4d, pp. 101-105; *In re Contreras*, 109 Cal. App. (2d) 787. Accordingly we hold that the act must be construed to require that counsel for a minor or a parent be permitted to attend juvenile court proceedings, as one whose "presence is necessary . . . in the interest of justice."

The objection to the jurisdiction of the court is conceded by

counsel to be a secondary point. It is true that the minor and his mother were residents of Massachusetts but the court properly denied the motion to dismiss for lack of jurisdiction. The act of delinquency was committed in this state. Both the minor and his parent appeared in this state. The jurisdiction of the juvenile court is not limited to those who reside or have their domicile in this state but applies to any neglected or delinquent child found within the state. RSA 169:2.

*Remanded.*

LAMPRON, J., concurred in the result; the others concurred.