Rockingham,
No. 4719.

### NEW CASTLE *v.* DOROTHY H. RAND *& a.*

Argued February 4, 1959.
Decided February 27, 1959.

*Boynton, Waldron & Dill* (*Mr. Dill* orally), for the plaintiff.

*Upton, Sanders & Upton* and *Griffin, Harrington & Brigham* (*Mr. Richard F. Upton* orally), for the defendants.

DUNCAN, J. This controversy arises out of the statutory provision for the recording of depositions in perpetual remembrance. RSA 518:8. This statute provides: "RECORDING. If the depositions relate to real estate, or to any transaction connected therewith, the petition, depositions, certificate, notice and evidence of service shall, within ninety days from the taking thereof, be recorded in the registry of deeds of the county where the estate lies; and the depositions taken in any other case may be so recorded."

In support of their exceptions, the defendants assert that their

motion to suppress the depositions was erroneously denied because the requirement of section 8, *supra,* that the depositions shall be recorded within ninety days from the taking is mandatory, so that noncompliance renders the depositions null and void, and inadmissible in evidence. RSA 518:8; *Bradstreet* v. *Baldwin,* 11 Mass. 228; *Braintree* v. *Hingham,* 1 Pick. (Mass.) 245. The plaintiff on the other hand contends that suppression of the depositions is not warranted, and is not provided for by the statute, and argues that a liberal interpretation should admit of late recording in accordance with the prayer of the plaintiff's motion. The conflict presented by these views calls for some review of the statutory history.

Depositions in perpetual remembrance were authorized by statute in New Hampshire as early as 1701. 1 Laws of N. H. 689. References to earlier practice, however, will be found in 1 Laws of N. H. 105; *Russell* v. *Fabyan,* 35 N. H. 159, 162; and *Boston & Maine R. R.* v. *State,* 75 N. H. 513, 518, 519, and footnote. In 1766, provision was first made that any testimony "taken in perpetuam rei Memoriam . . . being Entered & Recorded in the Registry of Deeds a copy of such record the Original being lost may be given in Evidence in any Court . . . in Such Cases where the Original might Lawfully be Admitted." 3 Laws of N. H. 393, 394.

In 1791, the material provisions of the statutes of 1701 and 1766 were substantially re-enacted (5 Laws of N. H. 612), with an additional proviso that "in case such depositions relate to any real Estate [the registry of record] shall always be the Registry of Deeds in the County where such real Estate lies." 5 Laws of N. H. 613. Later amendments not of consequence here (see *Hayward* v. *Barron,* 38 N. H. 366, 368-9) were followed by another re-enactment in 1828 of substantially the same provisions. 9 Laws of N. H. 823, *s.* 6.

It is thus evident that for nearly a century the early statutory provisions with respect to depositions in perpetual remembrance were concerned primarily with preservation of the testimony; and that without requiring such testimony to be recorded, they permitted use in evidence of a recorded copy should the original be lost.

Upon the comprehensive revision of the statutes in 1842, the statute for the first time contained a requirement that depositions in perpetual remembrance should be recorded, and further that

the recording should be within ninety days of the taking. R. S. (1842) *c.* 188, *s.* 28. Specifically the statute read: "The said . . . deposition . . . shall, within ninety days after taking the same, be recorded in the registry of deeds in the county where the land or any part of it lies, if the deposition relate to real estate, and if not, in the county in which it was taken." *Id.*

The defendants argue that this section of the act of 1842 was modeled upon section 37 of Massachusetts Revised Statutes of 1836, Ch. 94, which had its origin in Massachusetts Acts 1797, Ch. 35, section 8. They point out that in *Bradstreet* v. *Baldwin,* 11 Mass. 228, 233, decided in 1814, a deposition recorded after the ninety-day time limit was held inadmissible in evidence because "not in that authentic form which the statute requires"; and they urge that a like construction must be deemed to have been intended by the New Hampshre Legislature in 1842. *Cf. Newell* v. *Moreau,* 94 N. H. 439, 443.

For several reasons we are not persuaded that this view is correct. A sixty or ninety-day provision was to be found in statutes other than those of Massachusetts. See Laws of Maine (1830) *c.* 85, *s.* 8 (approved Mar. 15, 1821); I Chase, Stats. of Ohio 685 (passed Feb. 19, 1810). The New Hampshire court in 1839, in *Dearborn* v. *Dearborn,* 10 N. H. 473, had already declined because of statutory differences to adopt for this jurisdiction the construction given by Massachusetts to its Act of 1797. And finally, the provisions with respect to use of the depositions which were enacted in the revision of 1842 (R. S., *c.* 188, *s.* 29) differed materially from those of the Massachusetts Acts of 1797. With respect to use, section 29 of R. S. (1842) *c.* 188, put into statutory form the rule of *Dearborn* v. *Dearborn, supra,* that depositions "taken . . . as aforesaid" (*s.* 29) might be used in any trial between the persons taking them and persons duly notified of the taking, or claiming under such persons. It therefore seems unlikely that the Legislature was seeking in 1842 to adopt the prior inconsistent Massachusetts law and practice.

The defendants further call attention to the contrasting use of the words "shall" and "may" appearing in the present statute. RSA 518:8, *supra.* The history of the revision of this section however does not support the argument made that this indicates an intention that the first part of the section should be mandatory. In the statute of 1842, the word "may" was not used. On the contrary, as applied to depositions not relating to real estate, the

word "shall" was understood by implication and recording was to be in the county where "taken." R. S. (1842) c. 188, s. 28, *supra.* The same language was used in C. S. (1853) c. 200, s. 28. The somewhat meaningless conclusion of the present section 8 (RSA ch. 518) first made its appearance in the revision of 1867. G. S. (1867) c. 211, s. 7. The report of the Commissioners for that revision however showed no purpose to change the pre-existing law. Commissioners' Report (1867) iv; *Id., c.* 212, s. 7. We therefore conclude that the substitution of the word "may" for the word "shall" which had been implied in the previous language of the section indicated no legislative purpose to contrast permissive provisions with mandatory ones.

The present provisions regarding use of depositions in perpetual remembrance (RSA 518:9; *New Castle* v. *Rand,* 101 N. H. 201, 203) originated in an act adopted in 1848, regarding the taking of depositions concerning lost or destroyed records of sales of land for taxes. Laws 1848, c. 728. The concluding section of that act (s. 6) was of general application, and like the present statute provided that: "All depositions taken in perpetual remembrance . . . may be used in the trial of any cause, wherein the matters concerning which they were taken, are drawn in question . . . ." These provisions were properly substituted for section 29, of R. S. (1842) c. 188, *supra,* in the revision of 1867. G. S. (1867) c. 211, s. 8.

It is significant that neither section 29 of the 1842 act, nor section 6 of the 1848 act, imposed any restriction upon the use of a deposition by reason of either failure or delay in recording it. The former section specifically related to the use of depositions *"taken . . . as* aforesaid." (Emphasis supplied). Had that Legislature intended to make the ninety-day requirement mandatory, it is reasonable to suppose that the quoted provision would have read: "taken and recorded . . . as aforesaid." In this connection some significance may also be attached to the fact that the requirement that depositions concerning loss of public records be recorded within ninety days disappeared from the law in the revision of 1867. G. S., c. 211, s. 6; *cf.* Laws 1848, c. 728, s. 5.

From this somewhat extended review, we conclude upon the history of the statute as a whole that while RSA 518:8 is mandatory in its requirements with respect to the place of record as was the proviso which first appeared in 1791, the requirement as to the time of recording inserted in 1842 is to be regarded as directory

merely. In reaching this conclusion we do not overlook or dispute the statement of the purposes of recording which was made in the early case of *Commonwealth* v. *Stone,* Thacher, Cr. Cas. (Mass.) 604 (1840), relied upon by the defendants: "It is to preserve its purity and integrity, as well as the testimony itself. The record is a publication, and serves to make it known, as well as remembered. If it should contain errors or falsehoods, the parties in interest will have an opportunity to guard against them in season . . . . " *Id.,* 607, 608. See also, V Wig. Ev. (3rd *ed.*) 75.

These purposes should be accomplished through rulings by the Trial Court if a deposition recorded late is offered in evidence. Should it then appear to the court that a party has been prejudiced by lack of seasonable record, the deposition may be excluded or its use limited, as justice may require.

No objection of this character is advanced by the defendants in this case. They as well as other parties concerned were duly notified of the taking. No reason appears on the record before us to prohibit use of the depositions on trial of the pending cases; nor does any sufficient reason appear to suppress the depositions, or to enjoin their late recording. To wholly exclude them from the record would produce the oppressive result of defeating the very purposes of recording to which we have previously referred. See *In re Moore,* 99 N. H. 209, 211.

There remains for consideration the question advanced for the first time before this court, of whether these proceedings which were instituted in April 1957 are a nullity because the court below was without jurisdiction to appoint a commissioner to take the depositions. The statute expressly authorizes the depositions to be taken "before a court of record." RSA 518:1. Upon consideration of the town's petition, the Superior Court appointed a commissioner to act in the matter. *New Castle* v. *Rand,* 101 N. H. 201, *supra.* We do not regard this as a delegation in excess of the Court's authority. The fact that the statute expressly directs that depositions "shall" be thus taken when they relate to the destruction of public files or records, does not imply a lack of authority to follow a similar course in other cases. See RSA 518:1, *supra.* In the exercise of its general equity powers the Court might properly appoint an officer to act for it, whether he was designated a "commissioner" or a "special master." See *Ingram* v. *Railroad,* 89 N. H. 277, 280. See also, *Gallagher* v.

*Cotton,* 74 N. H. 1; *Wessells* v. *Company,* 89 N. H. 230; *Edmunds* v. *Griffin,* 41 N. H. 529.

The injunction entered below, enjoining the register from recording the depositions is dissolved. The denial of the defendants' motion is sustained. The order is

> *Plaintiff's exceptions sustained;*
> *defendants' exceptions overruled.*

BLANDIN, J., was absent; the others concurred.