Farmington Municipal Court,
No. 4947.

STATE *v.* CARL E. VALRAND.

Submitted September 7, 1961.

Decided December 27, 1961.

*Gardner C. Turner*, Attorney General, and *Frederic T. Greenhalge*, Assistant Attorney General for the State.

*T. Casey Moher* for the defendant, furnished no brief.

KENISON, C. J.   The substance of the transferred question is whether a municipal court has authority to order that a suspended sentence be served in installments.   In July 1960 the defendant received a six-months sentence to the house of correction which was suspended during his good behavior.   In September 1960 for a second conviction of a misdemeanor, the municipal court ordered that he serve thirty days of his previous six-months suspended sentence.   In March 1961 for a third conviction of a misdemeanor, the court ordered the defendant to serve five months of his previous six-months suspended sentence.   The validity of the five-months sentence is attacked by the defendant as an unlawful order and defended by the State as a lawful one.   The question whether a suspended sentence may subsequently be subdivided or whether a municipal court may order that a suspended sentence be served in installments has not been decided in this jurisdiction.   See Annot. 39 A. L. R. 2d 985 on the power of a court to impose sentence providing for intermittent incarceration.

From the earliest times in this state as a matter of practice and precedent it has been assumed that courts had the power to suspend either the imposition or the execution of a criminal sentence.

Page, Judicial Beginnings in New Hampshire, 1640-1700, at page 114 (1959); Note, Suspension of Sentence, 30 Harv. L. Rev. 369 (1917). Whatever doubts may have existed elsewhere as to the historical basis for this judicial power (*Ex Parte United States*, 242 U. S. 27, 47), it has been consistently sustained in New Hampshire. *Sylvester* v. *State*, 65 N. H. 193; *Philpot* v. *State*, 65 N. H. 250; *Carpenter* v. *Berry*, 95 N. H. 151; Chute & Bell, Crime, Courts and Probation, 67 (1956); Orfield, Criminal Procedure from Arrest to Appeal, 582 (1947).

The statutory development of provisions for criminal sentences has confirmed the common-law power of the courts to suspend either the imposition or the execution of a sentence. The probation statute specifically provides that any court "shall have power to suspend imposition or execution of sentence, or any part thereof, and to place the defendant on probation for a period not to exceed five years." RSA 504:1. See Grinnell, The Common Law History of Probation, 32 J. Crim. L. & Criminology, 15 (1941), reprinted in 45 Mass. L. Q. (No. 3) 70 (1960). See A. L. I. Model Penal Code, (Tentative draft No. 2) s. 6.02, comment at p. 18 (1954). Independently of probation, another statute confirms the power to suspend sentence in case of misdemeanors. RSA 607:12. This statute reads as follows: "SUSPENDED SENTENCES. When, in case of a misdemeanor, execution of a sentence to the house of correction is suspended or the case is otherwise filed, a mittimus for the service of the sentence may be issued within three years from the date of the sentence and not thereafter." None of the cases or the statutes mentioned above make any provision for intermittent incarceration, or provide that a suspended sentence may be subdivided or served in installments.

The general rule is that a prisoner is entitled to serve his sentence continuously and is not required to serve it in installments in the absence of statutory authority. *McDonald* v. *Lee*, 217 F. 2d 619 (5th Cir. 1954). See Tappan, Crime, Justice and Correction 423 (1960). This may be small comfort to the misdemeanant but there is no existing authority, statutory or otherwise, which authorizes a court to subdivide a continuous sentence of six months into two parts, three parts or six parts. It is conceivable that such a power would be praiseworthy penology but it should be exercised under a comprehensive statute or rule of court which would give some advance notice to the defendant that the power exists. See *State* v. *Bigelow*, 76 Ariz. 13. *Cf.* A. L. I. Model Penal Code (proposed

final draft no. 1) s. 6.02 (1961); The "Huber Law" in Wis. Stat. s. 56.08 (1959) noted in Ohlin & Remington, Sentencing Structure: Its Effect Upon Systems for the Administration of Criminal Justice, 23 Law & Contemporary Problems 495, 498 (1958).

Since the municipal court had no authority in the present case to require the defendant to serve his six-months suspended sentence in installments of one month and five months, it follows that the latter order for the five-months imprisonment is of no effect. See *Scalia* v. *United States*, 62 F. 2d 220 (1st Cir. 1932). The defendant is not required to serve the five-months sentence.

*Remanded.*

All concurred.