STATE OF NEBRASKA, APPELLEE, v. MARY IONE RANDOLPH, APPELLANT.

162 N. W. 2d 123

Filed October 25. 1968. No. 36925.

John J. Respeliers and Edmund McGinn, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and KOKJER and ACH, District Judges.

SMITH, J.

Upon conviction for second degree murder defendant was sentenced to 10 years' imprisonment. For error on appeal she assigns a jury instruction and the district court's refusal to place her on probation.

Jury instruction No. 9 on criminal intent concluded as follows: "If the State has failed to establish * * * that the defendant's conduct was purposeful rather than accidental, your verdict will be 'not guilty.'" Defendant contends that the court ought to have expanded the language relating to accident. She requested no instruction. A special instruction to the jury on a particular phase of the issues is ordinarily not required without a request. Rains v. State, 173 Neb. 586, 114 N. W. 2d 399. Instruction No. 9 was not erroneous.

The district court reluctantly denied probation on the single ground of statutory ineligibility. Section 29-2217, R. R. S. 1943, directs the court to investigate every person convicted of any crime, except murder, treason, or forcible rape. If "such" judge, considering probation criteria, has the opinion that the accused will refrain from criminal acts, the court may order probation. § 29-2218, R. R. S. 1943. The parties argue about the meaning of the sections. According to defendant, doubts should be resolved in her favor because of an inherent judicial power rooted in common law.

The source of judicial power over the probation process was considered in: Ex parte United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129; State v. Valrand,

103 N. H. 518, 176 A. 2d 189; State v. Johnson, 42 N. J. 146, 199 A. 2d 809; Dept. Justice, Attorney General's Survey of Release Procedures, Vol. II Probation, pp. 3 to 21 (1939); and Grinnell, "The Common Law History of Probation," 32 J. Crim. L. & Cr. 15 (1941), reprinted in 45 Mass. L. Q. 70. Judicial authority and the meaning of a probation statute similar in important respects to sections 29-2217 and 29-2218, R. R. S. 1943, were discussed in Casper v. State, 100 Neb. 367, 160 N. W. 92. Casper upon conviction of larceny from the person had been placed on probation in district court. This court in reviewing the judgment said:

"It is urged that the court was without authority * * *. The act * * * does not apply to persons convicted of certain crimes * * *. Among these is '* * * larceny * * * (from) the person.' We find no other section * * * conferring such power * * *. We are reluctant to reverse the order * * *, but feel compelled to obey the statute. The facts justified the order, if the law did not prohibit * * * such clemency * * * in a case of this kind."

Defendant belongs to a class that the Legislature has excluded from eligibility for probation. The judgment is affirmed.

AFFIRMED.