Nashua District Court
No. 6893

IN RE BRUCE MOLLOY

November 29, 1974

*Warren B. Rudman,* attorney general, and *Edward N. Damon,* attorney, by brief for the State.

*Sweeney, Sweeney & Sullivan (Mr. Kevin F. Sullivan* orally) for Bruce Molloy.

GRIFFITH, J. This is a proceeding under the Neglected and Delinquent Children Act, RSA ch. 169, in which the court found that the juvenile, age 16, had violated the criminal law and was delinquent. The court placed the juvenile on probation for one year and assessed a fine of two hundred and fifty dollars. The Court *(Pantelas,* J.) denied a motion to amend the sentence by striking the assessment of the fine and reserved and transferred the exception to the denial of the motion.

RSA 169:14 (Supp. 1973) provides in pertinent part that "the court may commit the [delinquent] child to the industrial school or continue the case with such orders as to care, custody, and probation as justice and the welfare of the child require." No authority is granted to the juvenile court under this statute to levy a fine on a child found delinquent. The State argues that a liberal construction of the act is enjoined by RSA 169:26 and that since RSA 169:14 (Supp. 1973) does not forbid the court to levy a fine on a delinquent child the court may as *parens patriae* punish a delinquent through

a fine imposed as a condition of probation. Although the order of the court in no way relates the fine to probation (*See* ABA Standards Relative to Probation § 3.1 (a) (Approved Draft 1970)), the State's counsel in their brief assert they have been informed by a probation officer that payment of the fine is usually permitted to be made in small installments as a condition of probation. Assuming this information, outside the transferred case, is accurate, it adds nothing to the State's argument since if the fine could not be levied by the court it would not be a valid condition of probation.

The State furnished no authority in support of its argument, and it appears well settled that, in the exercise of its sentencing discretion, a court must act within the statutory framework. *State v. Valrand,* 103 N.H. 518, 176 A.2d 189 (1961); *Cramer v. Wise,* 501 F.2d 959 (5th Cir. 1974); N.H. CONST. pt. II, art. 5.

Juvenile court proceedings are protective and designed to "rehabilitate minors rather than to punish them for the commission of crimes." *In re Poulin,* 100 N.H. 458, 129 A.2d 672 (1957). Nevertheless, minors are accorded many of the safeguards of adult offenders. *Davis v. Alaska,* 415 U.S. 308 (1974); *In re Gault,* 387 U.S. 1 (1967); *In re Winship,* 397 U.S. 358 (1970); *State v. Ray,* 63 N.H. 406, 56 Am. Rep. 529 (1885); *In re Poulin supra.*

RSA 169:14 (Supp. 1973) authorizes the court in the disposition of juvenile delinquents to exercise its discretion within specified limits established by the legislature to provide "specialized treatment and protection for delinquent and neglected children." *State v. Scoville,* 113 N.H. 161, 304 A.2d 366 (1973). The fine assessed in this case was not authorized by statute and thus was beyond the bounds of judicial discretion. To hold otherwise would permit a judicial indulgence in the punishment of juvenile offenders forbidden in the case of adult offenders. *State v. Valrand,* 103 N.H. 518, 176 A.2d 189 (1961).

*The exception to the denial of the motion to amend the sentence by striking the assessment of a fine is sustained; remanded.*

All concurred.