Nashua Juvenile Court
No. 7292

*In re* JOHN JONES
*In re* JOHN SMITH

July 27, 1976

*David H. Souter,* attorney general, and *Edward N. Damon,* attorney *(Mr. Damon* orally), for the State.

*Holland & Aivalikles (Mr. Francis G. Holland* orally) for the defendants.

PER CURIAM. The sole issue presented by this transfer is whether the facilities of the Nashua District Court where juvenile hearings are ordinarily held are legally inadequate. The issue was transferred without ruling in each case by *Gormley* and *Pantelas,* JJ.

The juvenile called Jones was brought before the Nashua Juvenile Court as a delinquent child. Hearing was commenced in the facilities provided for juvenile hearings by the city of Nashua. The juvenile hearing facilities consist of a room which measures eight-and-one-half feet by eleven feet and also serves as the chambers for the justice, the associate justice, and the special justice of the court. At the time of juvenile Jones' hearing, eight people occupied the juvenile courtroom on a hot summer day. The Court *(Gormley,* J.) terminated the hearing during the middle of cross-examination of the complainant due to the inadequacy of the facilities for the proper conduct of an adversary juvenile hearing.

The juvenile called Smith was charged with being a juvenile delinquent by reason of committing thefts in excess of one hundred dollars. Prior to trial, the juvenile filed a motion to dismiss because his right to a fair hearing would not be met by the facilities available to the Nashua Juvenile Court.

The district court made the finding that the facilities for the Nashua Juvenile Court are inadequate for the proper conduct of an adversary proceeding of even the most informal nature, and in fact are inadequate for any type of juvenile case, whether adversary or not. It further appears that the physical environment of these juvenile facilities makes it virtually impossible for counsel to maintain confidential communications with his client. Furthermore, the facilities provided as a waiting area to be occupied by juveniles prior to hearing consists of a small hallway outside the main courtroom which leads to the clerk's office and down a flight

of stairs directly to the Nashua Police Station and lock-up cell area. It appears that this area is usually traversed by police officers and prisoners.

RSA 169:20 reads in pertinent part, "All juvenile cases shall be heard separate from the trial of criminal cases and such hearing shall be held wherever possible in rooms not used for such trials. Said proceedings shall be informal and not deemed to be of a criminal nature." This statute is designed to permit the State to act as "parens patriae" for the purpose of rehabilitating minor children, and not for the punishment for the commission of a crime. The juvenile is made to feel that he is the object of the State's care and solicitude, rather than under arrest or on trial. *In re Poulin*, 100 N.H. 458, 129 A.2d 672 (1957); *Petition of Morin*, 95 N.H. 518, 520, 68 A.2d 668, 670 (1949); *In re Gault*, 387 U.S. 1, 15 (1967).

The intent of RSA 169:20 is to remove youths from the criminal court and its atmosphere. Implicit in this goal is the requirement that the district courts of this State be provided with adequate juvenile hearing facilities. President's Commission on Law Enforcement and the Administration of Justice, The Challenge of Crime in a Free Society 80-81 (1967); Fox, *Juvenile Justice in America: Philosophical Reforms*, 5 Human Rights L.R. 63, 64 (1975); M. Midonick, Children, Parents and the Courts: Juvenile Delinquency, Ungovernability and Neglect § 1.3 (1972).

RSA 502-A:31 requires that a city in which a district court is located provide proper facilities with adequate space. This statutory mandate clearly is not met by the facilities now provided in the Nashua District Court, as evidenced by the findings made in these proceedings. The facilities provided by the city of Nashua have also been found inadequate by the New Hampshire Court Accreditation Commission whose duty it is to prescribe minimum standards for all courts with respect to size, adequacy of facilities, and other features. RSA 490:5-a, :5-c (Supp. 1975). Furthermore, the administrative committee of district and municipal courts made the following findings: "[A]s evidenced by the report of the New Hampshire Court Accreditation Committee and by personal inspection made by the executive secretary, the Nashua District Court physical facilities are inadequate for the proper operation of the court." While Jones and Smith are not entitled to have the charges against them dismissed because of the inadequacy of the juvenile hearing facilities, the city of Nashua has the obligation to furnish suitable facilites in which the district court can conduct

such hearings.

The fast-growing city of Nashua has failed for a long period of time to comply with its statutory duties to provide a district court building with suitable facilities. The failure to remedy this protracted default by the city will necessitate further court action.

*Remanded.*

GRIFFITH, J., did not sit.