673 P.2d 339

**The STATE of Arizona, Petitioner/Appellant,**

v.

**The CITY COURT OF the CITY OF TUCSON, the Honorable Jesse Figueroa, a Magistrate thereof, Respondent,**

**and**

**Alicia VIQUIEROS, Real Party in Interest/Appellee.**

**No. 2 CA–CIV 4797.**

Court of Appeals of Arizona, Division 2.

Dec. 2, 1983.

Frederick S. Dean, Tucson City Atty. by Susan R. Agrillo, Tucson, for petitioner/appellant.

Kelly C. Knop, Tucson, for real party in interest/appellee.

OPINION

BIRDSALL, Judge.

The state appeals the denial of special action relief, contending that A.R.S. § 28–692 requires a court to impose a minimum mandatory $250 fine and that the fine cannot be suspended.

Appellee was arrested on November 6, 1982, for a violation of A.R.S. § 28–692, driving while under the influence. She pled no contest. The city court judge imposed the mandatory $250 fine and then suspended it, finding that appellee was indigent. On special action, the superior court held that the court had the statutory power to suspend the fine and found no abuse of discretion in sentencing. We agree.

At the time of appellee's arrest, A.R.S. § 28–692.01(B) read:

"B. A person who is convicted of a violation of § 28–692 is guilty of a class 1 misdemeanor and shall be sentenced to serve not less than twenty-four consecutive hours in jail. A judge shall not grant probation, pardon, parole, commutation or suspension of sentence or release on any other basis, except upon the

condition that the person serve not less than twenty-four consecutive hours in jail. The judge *shall* order the person to pay a fine of not less than two hundred fifty dollars and may order the person to perform not less than eight nor more than twenty-four hours of community service. In addition, the judge shall require the surrender to him of any operator's or chauffeur's license of the convicted person and shall forward the license to the department with the abstract of conviction, together with an order of the court suspending the driving privileges of the person for a period not less than ninety days. The department upon receipt of the license, abstract of conviction and order shall suspend the driving privilege of such person for the period of time ordered by the judge. No judge may grant probation to or suspend the imposition or execution of a jail sentence. The court may require the person to attend traffic safety or alcohol abuse classes at the offender's expense or, if in the court's opinion the offender has the problem of habitual abuse of alcohol or drugs, the court shall require the person to obtain treatment under its supervision; however, in no case shall an offender be excused from spending twenty-four consecutive hours in jail." (emphasis added)

It is true that our supreme court has recognized the Legislature's determination to combat "the carnage on our highways" caused by drunk drivers. *Martin v. Superior Court,* 135 Ariz. 258, 660 P.2d 859 (1983). The state argues that A.R.S. § 28–692 embodies that legislative intent to deal severely with drunk drivers and penalties which are stated in mandatory terms should not be circumvented by trial judges. However, the Legislature has not made the payment of a fine incapable of being suspended, but merely made the imposition of the fine mandatory.

Generally courts have the ability to suspend sentences. *State v. Pitts,* 26 Ariz.App. 390, 548 P.2d 1202 (1976); *State v. Bird,* 95 Wash.2d 83, 622 P.2d 1262 (1980). The legislature has granted the authority to the courts to suspend sentences. A.R.S. § 13–901(A) states:

"If a person who has been convicted of an offense is eligible for probation, the court may suspend the imposition or execution of sentence and if so, shall without delay place such person on supervised or unsupervised probation."

This statutory authority is recognized as the court's power to suspend sentences. *State v. Jenson,* 123 Ariz. 72, 597 P.2d 554 (1979). Where the Legislature has seen fit to bar the possibility of suspended sentences it has used specific language to accomplish this, as evidenced by A.R.S. § 13–604(A) dealing with repeat offenders:

"... shall be sentenced to imprisonment for not less than the sentence and not more than twice the sentence ..., and shall not be eligible for suspension or commutation of sentence, probation, pardon or parole ...."

The statute before us presently does use such specific language but only in regard to forbidding the suspension of the jail sentence portion of the punishment. Nothing forbids the suspension of the fine portion.

In *State v. Burroughs,* 113 N.H. 21, 300 A.2d 315 (1973), the New Hampshire Supreme Court was faced with the identical problem: can a court suspend any portion of the penalties imposed by statute upon a second conviction of operating a motor vehicle while under the influence. The statute therein provided that the operator "shall be imprisoned for not less than ten days nor more than six months ... and fined not less than five hundred nor more than one thousand dollars." The court found that the use of a particular word or phrase is not determinative but rather the intention of the legislature is to be gleened from language of the statute as a whole. The court pointed to a statute which required a two-day mandatory sentence for driving after revocation of a license, which statute provided that the sentence "may not

be suspended" thus indicating that the legislature was "aware of the proper language to be used when a mandatory sentence was intended." 300 A.2d at 317.

Here the statute itself uses mandatory language to prevent suspension of the jail sentence portion of the statute. If the legislature had intended the fine to be incapable of being suspended, it could have done so.[1] In view of A.R.S. § 13–901(A) which gives courts the authority to suspend sentences, specific language preventing this is necessary.

In view of our disposition of this issue, it is unnecessary to deal with the remaining points raised by the state. The order of the superior court denying special action relief is affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.

---

1. In fact, it has since done so, A.R.S. § 28–692.-01(B) was amended in 1983 to read:

"B. A person who is convicted of a violation of § 28–692 is guilty of a class 1 misdemeanor and shall be sentenced to serve not less than twenty-four consecutive hours in jail. The judge shall order the person to pay a fine of not less than two hundred fifty dollars and may order the person to perform not less than eight nor more than twenty-four hours of community service. In addition, the judge shall require the surrender to him of any operator's or chauffeur's license of the convicted person and shall forward the license to the department with the abstract of conviction, together with an order of the court suspending the driving privileges of the person for a period not less than ninety days. The court shall notify the person in open court of the effective dates of the suspension, and the suspension is effective as of the dates listed in the court's order. Notwithstanding § 28–446, no further notice is required. A judge shall not grant probation to or suspend any part or all of the imposition or execution of any sentence required by this subsection except on the condition that the person's license is suspended for not less than ninety days and that the person serve not less than twenty-four consecutive hours in jail and pay a fine of not less than two hundred fifty dollars. The court may require the person to attend traffic safety or alcohol abuse classes at the offender's expense or, if in the court's opinion the offender has the problem of habitual abuse of alcohol or drugs, the court shall require the person to obtain treatment under its supervision; however, in no case shall an offender be excused from spending twenty-four consecutive hours in jail."