GRAFTON.

---

## SYLVESTER *v.* THE STATE.

A judgment for the state in a criminal case is not invalidated by a conditional stay of mittimus.

When a person, arraigned in a police court on a charge of being a common seller of spirituous liquor, pleads guilty under Gen. Laws, *c.* 109, *s.* 20, and an order is made that mittimus be stayed while he does not sell intoxicating liquor, and a motion for a mittimus is afterwards granted, the proceedings cannot be quashed on *certiorari* on the ground that the respondent, having notice and an opportunity to be heard on the motion,

was not in court when the motion was heard and granted and did not have a summons to attend the hearing, or on the ground that the court held he had no right of appeal.

PETITION, for a writ of *certiorari.* Facts agreed. September 3, 1887, Sylvester, being prosecuted in the police court of Littleton for being a common seller of spirituous liquor, pleaded guilty, and was sentenced to pay a fine of $100 and costs, and to be committed to jail one day, with an agreement made by him and the complainant, and assented to by the court, that the sentence should not be enforced while he did not sell intoxicating liquor. This disposition of the case was duly entered on the record, and the respondent was released from custody. November 12, 1888, a petition, signed by twenty citizens of Littleton, was presented to the court, reciting the record, averring Sylvester's continued violation of the liquor law, and asking that the sentence be enforced. November 23, 1888, Sylvester and his counsel were informed by notices signed by the petitioners' counsel that at the December term the police court would be asked to issue a mittimus upon the sentence. At the December term, the petitioners appeared by counsel and moved that a mittimus be issued. The respondent appeared by counsel, and by agreement the case was postponed to one o'clock P. M., December 10, when the respondent did not appear in person or by counsel. December 10, at 2 P. M., the court heard evidence offered in support of the motion; and being satisfied that Sylvester had not performed the condition on which the enforcement of his sentence was suspended, but had sold intoxicating liquors, ordered that a mittimus be issued. The evidence was proof of searches, seizures, sales, and a federal license. There was no evidence that he had been convicted of a violation of the liquor law after September 3, 1887. December 11, 1888, on Sylvester's motion, the mittimus was stayed to enable him to be heard upon an application for an appeal from the order granting the mittimus. The court held that he was not entitled to an appeal.

*Bingham, Mitchell & Bachellor,* for the plaintiff. It is apparent that Sylvester's plea of guilty was obtained by an agreement to which the police court became a party of record. On the strength of the agreement he waived his right to plead not guilty, and his right to contest the case in that court and in this. On the plea thus obtained he cannot be sentenced in violation of the agreement. He was entitled to a legal trial of the subsequent accusation of a criminal offence. The trial and conviction on the tenth of December were not legal. He did not plead in person, and was not present. The notice signed by an attorney was not the process required by law in criminal cases. There was no summons, and no plea or sentence in open court. 4 Bl. Com. 281–284; *Rex* v. *Bithell,* 1 Ld. Ray. 47.

*Remich & Remick*, for the state. "If any person, not being an agent as aforesaid, shall be a common seller of spirituous liquor, he shall be fined $100, and be imprisoned not more than six months." G. L., *c.* 109, *s.* 14. The statute is peremptory. It gives no discretion, and allows no compromise or indulgence. The suspension of Sylvester's sentence was a violation of the statute, and a conditional pardon granted to a convict by the court—a usurpation of executive power. Const. of N. H., *art.* 52. The suspension being unauthorized, the sentence was in full force, and a mittimus could issue without any preliminary inquiry. If the suspension was legal, the subsequent proceedings were sufficient. The time and place of hearing were fixed by agreement. Nothing more was necessary. The power of suspension (if it exists) and all incidental proceedings rest on practice; and the practice is to bring forward such cases and enforce sentence on the mere suggestion of the solicitor or attorney-general. There was no right of appeal. By pleading guilty, the respondent gave the police court exclusive jurisdiction of the questions of sentence and its enforcement.

DOE, C. J. "It has long been a common practice in this commonwealth, after verdict of guilty in a criminal case, when the court is satisfied that, by reason of extenuating circumstances, or of the pendency of a question of law in a like case before a higher court, or other sufficient cause, public justice does not require an immediate sentence, to order, with the consent of the defendant and of the attorney for the commonwealth, and upon such terms as the court in its discretion may impose, that the indictment be laid on file; and this practice has been recognized by statute. Sts. 1865, *c.* 223; 1869, *c.* 415, *s.* 60. Such an order is not equivalent to a final judgment, or to a *nolle prosequi* or discontinuance by which the case is put out of court, but is a mere suspending of active proceedings in the case, which dispenses with the necessity of entering formal continuances upon the dockets, and leaves it within the power of the court at any time, upon the motion of either party, to bring the case forward and pass any lawful order or judgment therein." *Com.* v. *Dowdican's Bail*, 115 Mass. 133, 136.

Judgment was rendered against Sylvester, in open court, when he was present, September 3, 1887, on his plea of guilty; and the enforcement of the judgment by mittimus was not a punishment for subsequent offences, or for breach of the condition on which execution was stayed. No appeal can be taken in a justice court, except from a judgment (*Moses* v. *Julian*, 45 N. H. 52, 60); and the order granting the motion for a mittimus was not a judgment. The police court was satisfied by the evidence that the respondent had sold liquor after September 3. But this conclusion was not a conviction of a criminal offence. It was a mere finding of a fact

involved in the interlocutory question whether the execution of the judgment should be further postponed. On this question he was no more entitled to another complaint and warrant, another arrest, a formal summons, personal plea, appeal, or jury trial, than he would have been on a denial of his motion for a temporary stay of mittimus December 11. If the interlocutory motion for a mittimus was triable by any judicial tribunal, the trial and decision belonged to the jurisdiction in which the motion was made. He had an opportunity to be heard, and the evidence was competent in support of the motion. The validity of the first stay, ordered on the third of September, is as immaterial as the validity of the second, ordered on the eleventh of December. If the first was illegal on either of the grounds suggested by the state, or on the ground that the assent of the attorney-general or solicitor was necessary, the judgment was not invalidated by the illegal delay in its enforcement. If the agreement and plea had been made under any misunderstanding that would entitle the respondent to a change of plea, his remedy would not be by appeal. *Thompson* v. *Ela*, 58 N. H. 490, 493.

*Petition denied.*

All concurred.