Sullivan, }
June 29, 1922. }

### STATE *v.* LEE W. OWEN.

The suspension of a fine and jail sentence on payment of costs is neither a final judgment, a *nolle prosequi* nor a discontinuance, but the court may at any time bring forward the indictment and enter such order as justice may require.

An order that a *mittimus* issue is not a conviction for a criminal offense, but the determination, upon competent evidence, of the interlocutory question whether judgment should be further postponed.

Laws 1917, *c.* 147, *ss.* 25, 26, as amended by Laws 1919, *c.* 99, providing that sentence be imposed for a second offense against the prohibition law as to intoxicating liquors is not an unconstitutional encroachment upon the powers of the judiciary.

APPEAL, from the municipal court of Claremont. The complaint charged the respondent with illegally possessing intoxicating liquor contrary to the provisions of Laws 1919, *c.* 99, *s.* 4. Respondent was arraigned March 29, 1922. Plea, guilty. Sentence as follows: "It is ordered that the respondent pay a fine of $100, pay costs taxed at $25, and be confined in the county jail for the term of 30 days. Fine and jail sentence suspended on payment of costs. Mittimus to issue at call of solicitor." The costs were paid.

At the time sentence was imposed, the respondent had been twice convicted of violations of the provisions of *c.* 147, Laws 1917, and was then serving a sentence, previously suspended, under one of these convictions. These facts were known to the solicitor and respondent's counsel. When the facts came to the attention of the court on March 31, 1922, the following order was made: "After sentence was imposed, the attention of the court was called to the fact that the respondent has been previously convicted of a violation of Laws 1917, *c.* 147. If the respondent so desires, the order will be vacated and the respondent permitted to withdraw his plea of guilty. Otherwise, a mittimus will issue at the expiration of the sentence which the respondent is now serving."

The respondent did not see fit to avail himself of the privilege granted, whereupon the solicitor, at the request of the court, called for the *mittimus*, to which the respondent excepted.

Transferred from the March term, 1922, of the superior court by *Marble*, J.

*Henry N. Hurd*, solicitor, for the state.

*Frank H. Brown*, for the defendant.

SNOW, J.   Chapter 99, of Laws 1919, under which the respondent was sentenced, was an act in amendment of *c.* 147, Laws 1917, of which *ss.* 25 and 26 provided: "Sect. 25.   It shall be the duty of the court before whom an offense against any provision of this act is returned, upon having its attention called to the fact, and proof made, that the respondent has been previously convicted of a violation of this act, or amendments thereto, to quash the complaint, information or indictment, and cause a complaint or information to be made by the county solicitor for a second offense, and have the same served and returned and brought before said court, or before some other court having jurisdiction."   "Sect. 26.   Courts having jurisdiction over violations of this act may suspend any sentence imposed by them on complaint, information or indictment for a first offense, so long as the respondent refrains from violating any of the provisions of this act.   Sentence imposed for second or any subsequent offenses shall not be suspended, but shall be enforced by the court without indulgence or delay."

The stay of sentence by the order of March 29 was not equivalent to a final judgment, nor to a *nolle prosequi* or discontinuance, but was a mere suspension of active proceedings which left it within the power of the court at any time to bring the case forward and enter such lawful order as justice might require.   *Sylvester* v. *State,* 65 N. H. 193, 195.   The order of March 31, that the *mittimus* issue was not a conviction for a criminal offense.   It was but the determination upon competent evidence of the interlocutory question whether the judgment should be further postponed.   *Sylvester* v. *State, supra; Philpot* v. *State,* 65 N. H. 250.

The respondent having been convicted of a second offense, the terms of *s.* 26 gave the court no option but to enforce the penalty imposed.   The suspension of the fine and commitment having been ordered under a misapprehension of the facts, it was the duty of the court upon the discovery of the error to correct it.   The order which gave the respondent an opportunity to retract his plea was sufficiently favorable to him.

It is suggested by respondent's counsel that the provisions of *ss.* 25, 26 constitute an encroachment upon the constitutional powers of the judiciary.   No authorities are cited nor reasons advanced in support of the suggestion, and none occur to the court.

*Exceptions overruled.*

All concurred.