Original
No. 81-396
Rockingham
No. 81-401

JEROME H. STAPLEFORD

v.

EVERETT I. PERRIN, WARDEN OF
NEW HAMPSHIRE STATE PRISON

STATE OF NEW HAMPSHIRE

v.

JEROME H. STAPLEFORD

December 28, 1982

*Gregory H. Smith*, attorney general (*Richard C. Nelson*, assistant attorney general, on the brief and orally), for the State.

*Robert L. J. Nebling*, of Portsmouth, by brief and orally, for Jerome H. Stapleford.

BATCHELDER, J.   Jerome H. Stapleford petitioned this court for a writ of *habeas corpus* in response to an order that he begin serving a previously suspended sentence; he also filed an appeal challenging the imposition of a sentence on a conviction which had been marked "Continued for Sentence." These cases were consolidated for briefing and argument because they both arise out of the same proceeding in Superior Court (*Bean*, J.). Stapleford asserts that the procedures afforded him when the sentences were imposed were constitutionally inadequate. For the following reasons, we remand.

On December 18, 1980, pursuant to a plea bargain agreement, Jerome Stapleford appeared in superior court in connection with a Strafford County indictment and a series of Rockingham County district court convictions which he was appealing. Stapleford pleaded guilty on the Strafford County indictment and waived his appeals of the district court convictions. In exchange, the State recommended the following sentences which were imposed by the presiding judge:

> (1) Pursuant to a guilty plea on a Strafford County indictment alleging leaving the scene of a personal injury accident, a sentence of not more than three years nor less than one and one-half years in the New Hampshire State Prison, the first nine months suspended.
>
> (2) On a Rockingham County misdemeanor plea to complaint of receiving stolen property, a sentence to the Rockingham County House of Correction for eight months.
>
> (3) Upon Stapleford's waiver of the appeals, the district court convictions were marked "Continued for Sentence."

A review of the sentencing transcript indicates that both the prosecution and the defense intended that Stapleford immediately commence serving his sentence in the house of correction. While serving this sentence, Stapleford was to participate in alcoholic rehabilitation and work release programs. Because Stapleford was

to be given seventy-one days pretrial confinement credit on his house of correction sentence, he would be free for over three months prior to the commencement of the State prison sentence from which the first nine months had been suspended. It was anticipated that during this span of freedom, Stapleford would prove himself sufficiently rehabilitated so as to warrant favorable consideration of a motion to suspend the entire State prison sentence.

In August 1981, shortly before the nine months on the suspended portion of the State prison sentence had elapsed, Stapleford moved to suspend the rest of that sentence. Because of the pretrial confinement credit on the house of correction sentence, Stapleford had been free for nearly four months. The State, however, filed a timely objection which alleged that the defendant's assertion of good behavior during this span of freedom was unsupported. The State ascribed to Stapleford a course during his span of freedom which included a series of arrests for offenses ranging from driving while intoxicated to criminal mischief and harassment. In addition, the State also filed motions to bring forward two of the misdemeanor convictions which had been marked "Continued for Sentence."

Pursuant to these cross-motions, the hearing which is the subject of this appeal was held October 1, 1981, before the original sentencing judge. At the hearing, the State offered no evidence in support of its motion other than a statement from the prosecutor reciting Stapleford's arrest record and his conviction on a misdemeanor charge in district court from which an appeal was pending. The next day, the court issued the following order on Stapleford's motion to suspend the State prison sentence:

> "Motion to suspend sentence is denied. The sentence imposed on December 18, 1980 is brought forward and the defendant is to serve the 1 1/2 to 3 year sentence at the State Prison, credit for pretrial confinement is 81 days. . . . The above sentence is to commence on October 2, 1981. Defendant's exception noted."

The State had also moved to bring forward two of the convictions marked "Continued for Sentence." While the court denied one of the motions, in regard to the other motion, it ruled:

> "Motion granted. The defendant is sentenced to twelve months in the Rockingham County House of Correction and fined $1,000, PA waived. This sentence to be consecutive to the sentence imposed on Strafford County indictment #2011. Defendant's exception noted."

Stapleford asserts that the procedures afforded him when his motion was denied and when the previous criminal dispositions were modified to his detriment were constitutionally defective. Specifically, he argues that his due process rights were violated because the hearing was an inadequate forum to challenge the State's assertions. He contends that mere allegations without proof of actual conduct are insufficient to trigger punishment. He also challenges the failure of the trial court to state on the record the reasons for the action taken. In support of his contentions, he cites *Stone v. Shea*, 113 N.H. 174, 304 A.2d 647 (1973).

Before we address the merits of these issues, it is important to review the trial court's sentencing authority which is set forth in detail in RSA chapters 651 and 504. Trial judges have broad authority to provide for extended terms of imprisonment, a range of fines, probation, and conditional or unconditional discharge. RSA 651:2 (Supp. 1981). Additionally, pursuant to RSA 504:1 (Supp. 1981), the court may continue a case for sentence, suspend the imposition or execution of sentence or any part thereof, or place a defendant on probation which may include the performance of public service work. It is clear from the existing legislation that the trial court is vested with broad powers of discretion with respect to sentencing and is provided with many tools to administer fairly the sentencing aspects of the criminal justice system. Probation may be provided when the commencement or execution of a sentence is deferred, giving the defendant the opportunity at some later date to demonstrate to the court that the unsuspended portion of his sentence should be suspended, which was the case here on the Strafford County indictment.

It is in the sentencing process that punishment, deterrence, and rehabilitation meet in a common forum where the court, within the framework of the Criminal Code and the common law, conveys society's sanctions upon a particular defendant for a certain crime. At the conclusion of the sentencing proceeding, a defendant and the society which brought him to court must know in plain and certain terms what punishment has been exacted by the court as well as the extent to which the court retained discretion to impose punishment at a later date and under what conditions the sentence may be modified.

Trial courts, in the exercise of their sentencing function, strike a balance between the defendant's liberty and society's right to be free from criminal behavior. On the record which is before us, we are called upon to examine how to balance the interest of society

in providing a sentencing judge with broad discretion and the defendant's rights to due process.

This court has recognized the applicability of the procedural requirements of *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972) (parole revocations) to revocations of probation and suspended sentences. *Stone v. Shea*, 113 N.H. at 176–77, 304 A.2d at 648–49. Shortly after our decision in *Stone*, the United States Supreme Court held that the *Morrissey* procedural requirements extend to revocations of probation as well as parole revocations because they also involve a significant deprivation of liberty. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). The Supreme Court also has found a right to counsel exists when a deferred sentence is imposed, because substantial procedural rights of the defendant may be affected. *Mempa v. Rhay*, 389 U.S. 128, 137 (1967).

■■  Accordingly, we find that when the court retains the power to impose incarceration at a later time, the defendant has been afforded liberty, albeit conditional, which may not be revoked without due process. We find that a significant liberty interest exists which is worthy of due process protection when commitment may be the sanction in the following circumstances: (1) parole violations, (2) violations of probation, (3) when a case marked continued for sentencing is brought forward, (4) when a suspended sentence is to be revoked, (5) when some condition set by the court has not been met and incarceration is the proposed remedy, or (6) whenever the defendant requests that a suspended sentence be continued and the State contests the request, such as the case at bar.

■  Once it is determined that due process applies, the question is what process is due. *Morrissey v. Brewer*, 408 U.S. at 483–84; *see also Wheeler v. State*, 115 N.H. 347, 352, 341 A.2d 777, 781 (1975). Under the instances of incarceration cited above, we hold that the record must show that the following procedures have been afforded: (1) written notice of the conduct which triggers the sought-after incarceration; (2) disclosure to the defendant of the evidence against him; (3) the opportunity to be heard in person and to present witnesses and evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a statement in the record by the court indicating in substance the evidence relied upon and the reasons for imposing commitment; and (6) representation by counsel, to be appointed by the court if the defendant is indigent. *See Morrissey v. Brewer*, 408 U.S. at 489; ABA STANDARDS FOR CRIMINAL JUSTICE vol. III, § 18-7.5 (2d ed. 1980); *see also Mempa v. Rhay*, 389 U.S. at 137; *Gagnon v. Scarpelli*, 411 U.S. at 790.

■■ The standard of proof in these proceedings need not be proof beyond a reasonable doubt because this has already been accomplished in the underlying trial. In these cases, the only inquiry is usually whether the defendant has been of good behavior or has in some way violated the terms of his freedom. This inquiry is not to establish criminal liability. A finding of "misplaced trust" may be made by a preponderance of the evidence. *Stone v. Shea*, 113 N.H. at 176, 304 A.2d at 648. Accordingly, we vacate the orders of the trial court dated October 1, 1981, and remand the pending motions to the trial court for reconsideration in light of this opinion. At that hearing, the trial court will retain all of its discretion to impose appropriate sentences.

*Remanded.*

All concurred.