Strafford
No. 82-556

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL B.

March 2, 1984

*Gregory H. Smith*, attorney general (*Peter W. Mosseau*, assistant attorney general, on the brief, and *T. David Plourde*, assistant attorney general, orally), for the State.

*Burns, Bryant, Hinchey, Cox & Shea*, of Dover (*Stephen E. Gaige* on the brief and orally), for the defendant.

BROCK, J.   The defendant, Michael B., pleaded guilty in superior court on August 13, 1981, to a charge of felony arson and was given a one-year suspended sentence. It is unclear to this court whether the sentence also included a conditional discharge. One year later, the defendant filed a petition to annul his record of conviction and sentence. He appeals from an order of the Superior Court (*Goode*, J.), denying his petition.

We hold that the defendant, under the provisions of RSA 651:5, was not entitled to file a petition to annul his conviction at the time he did, under any permissible interpretation of his sentence. Because it is unclear whether the sentencing judge intended to sentence the defendant to a conditional discharge, we remand the case to the Superior Court (*Pappagianis*, J.) for a rehearing on that question.

The trial judge sentenced the defendant to "one year in the House of Correction, suspended during the defendant's good behavior and on the condition that he continue his counseling by Dr. Samuel B. Hagner, of Dover, for one year or for such shorter duration as Dr. Hagner shall decide. Conditional discharge if merited."

The defendant's argument on appeal is based in large part upon an assumption that the sentence incorporated a "one-year conditional discharge." Not only did the court impose no such sentence, but it had no authority to impose a one-year conditional discharge under the applicable statute, which expressly provides that "[t]he

period of a conditional discharge shall be 3 years for a felony and one year for a misdemeanor or violation." RSA 651:2, VI (Supp. 1983). Because the defendant pleaded guilty to a felony, the sentencing judge could not impose a sentence that included a conditional discharge for a period more or less than three years.

Thus, even if a "conditional discharge" were part of his sentence, the defendant would not be eligible to apply for an order to annul his record of conviction and sentence until August 13, 1984, because the statute does not permit a person "sentenced to . . . conditional discharge" to apply for such an order until "the termination of the sentence." RSA 651:5, I.

The only possible exception to this statutory rule is the provision that "[d]uring any period of conditional discharge the court may, upon its own motion or on petition of the defendant, discharge the defendant unconditionally if the conduct of the defendant warrants it." RSA 651:2, VI (Supp. 1983). An unconditional discharge was never sought in the present case.

We need not decide whether RSA 651:5, I, applies to a case in which a sentence of conditional discharge is combined with a suspended sentence of imprisonment, for two reasons.

First, the discussion above makes it clear that the defendant's rights under paragraph I could be no greater than his rights under paragraph III of the statute. That section permits "a person under twenty-one years of age at the time of his criminal act," which the defendant was, to apply for an order to annul his record three years after his "release," which in this case was the date of sentencing, provided that during that period he "has been convicted of no other offense except a traffic offense." RSA 651:5, III. This last proviso would also be attached to any sentence of conditional discharge, Superior Court Rule 106, and therefore would not make a defendant's duties under paragraph III greater than under paragraph I.

Second, it is unclear whether a sentence of conditional discharge was imposed in this case. While such a conclusion may be supported by the language quoted above, the sentencing judge did not clearly specify the conditions that would control the defendant's right to a discharge after three years, as appears to be contemplated by RSA 651:2, VI. It is a fundamental rule that

> "[a]t the conclusion of the sentencing proceeding, a defendant and the society which brought him to court must know in plain and certain terms what punishment has been exacted by the court as well as the extent to which the

court retained discretion to impose punishment at a later date and under what conditions the sentence may be modified."

*Stapleford v. Perrin*, 122 N.H. 1083, 1087, 453 A.2d 1304, 1306 (1982); *see United States v. Daugherty*, 269 U.S. 360, 363 (1926). Accordingly, we remand the case to the superior court for a rehearing by the original sentencing judge on the matter of conditional discharge alone.

Because we hold that the defendant has no present right to petition for an annulment of his record, we need not address any issues raised by the superior court's dismissal of his petition on the merits, or by the court's failure to schedule a hearing on the petition, as would normally be required by Superior Court Rule 108. We note in passing that hearing of such petitions by the original sentencing judge, whenever practicable, would prevent much duplication of effort and reduce the possibility of error.

*Remanded.*

All concurred.