Hillsborough
No. 86-179

THE STATE OF NEW HAMPSHIRE

v.

CONSTANCE L. INGERSON

December 4, 1987

*Stephen E. Merrill,* attorney general (*Steven L. Winer,* assistant attorney general, and *Kathleen A. McGuire,* assistant attorney general, on the brief, and *Mr. Winer* orally), for the State.

*Kinghorn, Maynard, Craighead & Dionne,* of Nashua (*Steven L. Maynard* on the brief and orally), for the defendant.

BATCHELDER, J. The question before us today is whether two convictions may be called forward for imposition and execution of sentences, two years and nine months after the original sentencing, when the trial court did not inform the defendant how long the continuance or suspension would remain in effect. The Nashua District Court (*Pantelas,* J.) imposed such sentences, and the Superior Court (*Dalianis,* J.) denied the defendant's petition for certiorari. We reverse and remand to the superior court for proceedings consistent with this opinion.

On January 21, 1982, the defendant pleaded no contest to two misdemeanor charges in the Nashua District Court for concealing merchandise and receiving stolen property. On the first charge, the court fined her $75 and sentenced her to sixty days in the house of correction, suspended on the condition of the defendant's "good behavior." The second charge was marked "continued for sentence." No mention was made of the conditions under which the continuance or the suspension might be called forward.

On October 10, 1984, the defendant was indicted for welfare fraud by the Hillsborough County Grand Jury, and on October 23, 1984, the State moved in the Nashua District Court to have the 1982 convictions called forward for sentencing on the ground that between October 7, 1982, and March 6, 1984, the defendant lied to the division of welfare in order to obtain benefits and, therefore, violated the condition of "good behavior."

Evidentiary hearings were held on the State's motion in the district court on February 27, 1985, and April 23, 1985, while the felony charges were still pending. The defendant objected to the motion and moved to dismiss on grounds, *inter alia,* that the State was estopped from seeking to impose sentences after 2 1/2 years because RSA 651:2 (prior to Supp. 1986) placed a two-year limit on the probation period for misdemeanors, and that the imposition of such sentences violated the "defendant's constitutional rights to due process of law . . . ." The district court granted the State's

motion, finding that it had the authority to call forward the suspended sentence and the conviction. The defendant received two concurrent sixty-day sentences.

In this appeal, the defendant asserts three grounds for reversal. First, the jurisdiction of a district court to call forward a sentence for modification or imposition extends for a period of two years from the date of conviction. Second, due process requires the trial court to inform the defendant of the conduct which would expose her to loss of liberty. Third, the defendant's due process rights were violated because the district court refused to reconsider its order and allow the introduction of mitigating circumstances on the issue of disposition.

■ We hold that fundamental fairness, a basis for the defendant's due process right, as provided by part I, article 15 of the New Hampshire Constitution, entitles her to be informed about the time period in which the trial court may exercise its authority to call forward either her conviction or her sentence; therefore, we need not address the issue concerning the jurisdiction of the district court.

The defendant relies on statutory arguments to support her due process position that the trial court's authority to call forward a conviction for sentencing or a suspended sentence is limited to two years. The defendant contends that her situation is analogous to that of probationers, who are, she asserts, protected by part I, article 15 of the New Hampshire Constitution against an indefinite period of probation. RSA 651:2, V (Supp. 1986) specifically limits to two years the period for which the court has the power to place a defendant on probation after conviction of a misdemeanor. The defendant also argues that the 1973 repeal of former RSA 607:12, which limited to three years the time for calling forward a case continued for sentencing, indicates that the legislature intended the sentencing provisions of RSA 651:2 of the Criminal Code to define the limit formerly set by RSA 607:12.

Against these claims the State urges us to follow "the principle of judicial discretion in the sentencing of those found guilty of crime," *State v. Burroughs*, 113 N.H. 21, 23, 300 A.2d 315, 316 (1973), and argues that in the absence of legislative direction, the trial court has inherent authority to call forward a conviction or a sentence at any time. *State v. Roe*, 118 N.H. 690, 393 A.2d 553 (1978).

The difference between a conviction marked continued and a sentence marked suspended is that in the former, the sentencing court postpones the imposition of the sentence, while in the latter,

the court determines the sentence, but postpones its execution. As the parties' arguments reveal, the statutory sentencing provisions relating to the trial court's authority to suspend sentences for imposition or for execution are incomplete. A statutory analysis does not help resolve the question before us because there is no present language which defines the boundaries within which the court may exercise its authority to call forward a sentence suspended for execution or a conviction continued for sentencing. At the outset we note that the practice of continuing a conviction for sentencing no longer has any statutory authority, as RSA 504:1 has been repealed by Laws 1986, 156:14. We point out also that the courts still have the authority to suspend sentences for execution under RSA 651:20, :21.

The statutory framework in place at the time of the defendant's initial district court appearance permitted the court to impose a sentence or fine or both, continue the case for sentencing, suspend a sentence, in whole or in part, place the defendant on probation, or issue a conditional or unconditional discharge. Probation for a misdemeanor was limited to two years, RSA 651:2, V, and a conditional discharge to one year, RSA 651:2, VI. There is potential discord between the statutory framework and our common law background.

■■ The State is correct in asserting that the trial court should be left with broad discretion in regard to sentencing. *See, e.g., State v. Rau,* 129 N.H. 126, 129, 523 A.2d 98, 100 (1987). Both the legislature and this court have recognized and accepted the trial court's need for discretion in sentencing decisions. *See State v. Burroughs,* 113 N.H. at 23, 300 A.2d at 316 ("[T]he legislature has demonstrated in many instances its accord with the principle of judicial discretion in the sentencing of those found guilty of crime."); *State v. Streeter,* 113 N.H. 402, 406, 308 A.2d 535, 538 (1973) (supreme court is not prepared to substitute its judgment for that of the trial court that disparity of sentences was not justified). It does not necessarily follow, however, that this discretion should be left unbridled. In addition to providing the trial courts with different options for sentencing, the legislature has established specific time limits for the various options under RSA 651:2, thus suggesting that it recognizes the need to avoid, where practicable, inconsistent sentencing methods. Similarly, in *Stapleford v. Perrin,* 122 N.H. 1083, 1087, 453 A.2d 1304, 1306 (1982), we remarked that "a defendant and the society which brought him to court must know in plain and certain terms what punishment has been exacted by the court as well as the extent to which the court retained discretion

to impose punishment at a later date and under what conditions the sentence may be modified." A sentence that can be called forward indefinitely, depending on what the trial court considers to be a reasonable period, does not provide the defendant or society with a sentence in "plain and certain terms."

The State places great weight on earlier case law which is at odds with *Stapleford*'s requirement that the sentencing court inform the defendant of the exact nature of her sentence; namely, *State v. Roe*, 118 N.H. 690, 393 A.2d 553; *State v. Doe*, 117 N.H. 259, 372 A.2d 379 (1977); *Couture v. Brown*, 82 N.H. 459, 135 A. 530 (1926); *State v. Drew*, 75 N.H. 402, 74 A. 875 (1909); *Sylvester v. The State*, 65 N.H. 193, 20 A. 954 (1889). Neither *State v. Doe* nor *State v. Roe* defeats our holding in *Stapleford*. These decisions involve the question of whether a case continued for sentencing may be called forward for the purpose of petitioning for annulment. The supreme court did not address the question of whether the lower courts continued to have the authority to suspend sentences or continue convictions for sentencing for an indefinite period in light of the defendants' due process rights.

The three older decisions, *Couture*, *Drew* and *Sylvester*, involve situations where the sentencing courts suspended the defendants' sentences with conditional stays of mittimus. It was implicitly understood, if not expressly stated at the sentencing, that the sentences were suspended on the condition that the defendants did not break any more laws. *See, e.g., Couture v. Brown*, 82 N.H. at 461, 135 A. at 531. The conditions were broken, and the solicitors called for the mittimus, arrested the defendants and placed them in prison to serve the original sentences. All of the sentences were called forward within a year and a half of the original sentencing.

If we were to rely on these decisions, we would be closing our eyes to the more recent recognition of the defendant's liberty interest at all stages of the sentencing process. *See State v. Rau*, 129 N.H. 126, 523 A.2d 98 (1987); *Brennan v. Cunningham*, 126 N.H. 600, 493 A.2d 1213 (1985); *State v. Michael B.*, 124 N.H. 590, 474 A.2d 564 (1984); *Stapleford v. Perrin supra*.

■ *Stapleford* stands for the proposition that in order for the government to deprive a defendant of a liberty interest granted by the sentencing order, certain procedural safeguards are required as due process. *Rau* stands for the proposition that the term of the sentence must be determinable at the time sentence is imposed as a part of the defendant's due process. The defendant's due process claim having been preserved throughout, we hold that she was denied due process at her 1982 sentencing because the length of

time in which either sentence could be called forward was uncertain. For us to make a determination on review as to a reasonable temporal limit to be applied in such circumstances as this case under our constitutional supervisory authority would in our view be an invasion of a policy area better decided by the legislature. The ultimate determination, as a matter of policy, as to how long a period of time is reasonable for delayed incarceration to be imposed is one for the legislature.

*Reversed and remanded.*

SOUTER, J., dissented without opinion; the others concurred.