Grafton
No. 87-406

THE STATE OF NEW HAMPSHIRE

v.

FLOYD H. TIMMONS, JR.

August 10, 1988

*Stephen E. Merrill*, attorney general (*Kathleen A. McGuire*, assistant attorney general, on the brief), by brief for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief for the defendant.

THAYER, J. The issue to be decided in this case is whether the trial court properly found that the defendant had violated not only his probation but also a condition of his deferred sentence when he failed to complete an alcohol-abuse program. We reverse in part and affirm in part.

On January 15, 1987, the defendant, Floyd H. Timmons, Jr., pleaded guilty to armed robbery and was sentenced in Superior Court (*Morrill*, J.) to two to four years at the New Hampshire State Prison,

"deferred for a period of two (2) years with leave for the defendant to come before the Court prior to the completion of said two (2) years to show proof that he has successfully completed the program at Marathon House or a similar substance abuse facility, and upon such proof, the State Prison sentence shall be suspended. If the defendant is still in the program at the end of two (2) years, he may petition the Court to have the sentence further deferred. The defendant is sentenced to three (3) years probation and restitution is ordered . . . ."

According to testimony, the defendant's probation officer discussed the rules of probation and what the defendant would face if he quit the alcohol rehabilitation program. The defendant was sent to Marathon House, but voluntarily left the program shortly thereafter. He called his probation officer and was ordered to appear at the probation officer's office, whereupon he was arrested for probation violation. This led to the first probation violation proceeding (which is not the subject of this appeal), in which a hearing was held on March 25, 1987.

At the hearing, the defendant argued that the trial court's sentencing order of January 15, 1987, allowed him two years to complete the alcohol-abuse program and that the court could not, therefore, impose the deferred sentence at this time. The Court (*Morrill*, J.) rejected this argument, stating:

"[I]n our colloquy [the defendant] and I had[,] I made it very clear that it was Marathon House to which he was going and that he was only given one chance. And that chance was given to him on January 15th, and that one chance was to go to Marathon House instead of going to [S]tate Prison. And so I don't find it reasonable, nor do I find it persuasive that he interpreted that Sentencing Order in that fashion. The Sentencing Order clearly was intended to send him to Marathon House or to some other facility if he couldn't get into Marathon House. And he understood that.

[T]he whole premise behind the negotiated plea was that he had been accepted at Marathon House and he was going to go there. I don't see any reasonable basis to interpret [the order as the defendant suggests, that] he could just shop around for the next two years going from place to place."

The court found the defendant to be in violation of the terms of his probation because he voluntarily left the Marathon House program. As a result, "a portion of his deferred sentence [was] brought forward . . . ." The order required the defendant to serve not less than 30 nor more than 60 days of his sentence at the New Hampshire State Prison, stating:

"The balance of his incarceration, two to four years at the New Hampshire [S]tate [P]rison with credit for time served, is deferred for two years with leave for defendant to come before this court prior to the completion of said two years to show proof that he has successfully completed a long-term alcohol abuse program selected by the Department of Corrections in which case the balance of his sentence may be suspended. Defendant is sentenced to five years probation. The remainder of defendant's earlier sentence of 1/15/87 shall remain in effect except where it differs from the above."

During the March 25, 1987 hearing, the defendant told the trial court that he would like to attend Honor Court, a drug and alcohol treatment center in Massachusetts. At the end of the hearing, the court advised the defendant that "I'm retaining jurisdiction of this file, and this is your last chance." After serving his sentence for thirty days, the defendant entered Honor Court. The program was to run a minimum of one year. Approximately two weeks later, he was dismissed from the program because he had violated its prohibition against alcohol consumption. In May, 1987, a violation of probation report was once again filed, and it is the proceeding on that report which gives rise to this appeal.

At the second probation violation hearing, on September 21, 1987, the defendant moved to dismiss, arguing that, by the plain language of the March 25, 1987 sentencing order, he was to have the entire two years in which to successfully complete a program. The defendant also contended that his failure to complete an alcohol-abuse program did not establish that he failed to meet the conditions of his deferred sentence. The Trial Court (Morrill, J.) disagreed, stating:

"The order specifically states that he has two years to show proof that he has successfully completed a long-term alcohol abuse program selected by the Department of Corrections. This was a long-term alcohol abuse program which the Department of Corrections selected, and he failed to complete it.

He's in violation of his probation and he is in violation of the condition which allowed the deferral of this sentence. And it's nonsensical to wait until January of 1989 to confirm the fact that he's not going to complete the program at Honor Court."

The court thus found the defendant in violation of his probation and the conditions of his deferred sentence, stating, "He went to Marathon House and voluntarily left. He . . . violated probation. I [gave] him a second chance. And clearly he has thrown that second chance away. There is no time for a third chance, and neither the law nor my sentencing order allows it," and ordered the defendant to serve the deferred sentence of two to four years in the New Hampshire State Prison.

The defendant appeals this order, urging reversal. He again argues that the March 25, 1987 sentencing order allowed him two years to complete an alcohol-abuse program, and that proof that he failed to complete an alcohol-abuse program did not establish that he failed to meet the condition of his deferred sentence. He contends that the March 25 sentencing order was plain, certain and determinable, and that it granted him two full years in which to show he had complied with the condition. It did not, the defendant contends, purport to provide only one opportunity for successful completion within that time, because if it did, the sentence would have explicitly so stated. Furthermore, the defendant points out that the specific terms of the order gave him, not the State, "leave . . . to come before [the] [c]ourt prior to the completion of . . . two . . . years" to show proof that he had completed it. By not allowing the full two years, the defendant claims that the court impermissibly augmented the original sentence.

The State briefly argues that the order cannot be read as the defendant contends, because it required that he successfully complete a program chosen by the department of corrections, which he did not do, and because the court in the March 25, 1987 probation violation hearing specifically told him that it did not intend he bounce from program to program. The State further argues that, even if the order can be read as the defendant contends, the court made it clear to the defendant at the March 25, 1987 hearing that the Honor Court program was his last chance. The State argues that, in light of the court's admonishments at the March 25 hearing, the defendant could not possibly claim that he understood the order to mean he had two years to complete a program.

■ Both parties rely primarily on *State v. Rau*, 129 N.H. 126, 523 A.2d 98 (1987) and *Stapleford v. Perrin*, 122 N.H. 1083, 453 A.2d 1304 (1982) to support their contentions that the March 25 order was plain, certain and determinable, even though the defendant and the State interpret the order differently. The defendant relies heavily upon *State v. Rau supra* and *State v. Ingerson*, 130 N.H. 112, 536 A.2d 161 (1987) to support his contention that the order of March 25 was clear in allowing him two years in which to show successful completion of a program which would result in a suspended sentence, and that by finding he had violated the condition of his deferred sentence prior to two years, the court impermissibly augmented the original sentence. We agree with the defendant that the sentencing order of March 25 plainly allows him two years in which to complete an alcohol rehabilitation program selected by the department of corrections. In *Stapleford v. Perrin*, 122 N.H. at 1087, 453 A.2d at 1306, we said:

"It is in the sentencing process that punishment, deterrence, and rehabilitation meet in a common forum where the court, within the framework of the Criminal Code and the common law, conveys society's sanctions upon a particular defendant for a certain crime. At the conclusion of the sentencing proceeding, a defendant and the society which brought him to court *must know in plain and certain terms what punishment has been exacted by the court as well as the extent to which the court retained discretion to impose punishment at a later date and under what conditions the sentence may be modified.*"

(Emphasis added.) We affirmed this fundamental requirement in *State v. Rau*, 129 N.H. at 129, 523 A.2d at 100 and *State v. Ingerson*, 130 N.H. at 115-16, 536 A.2d at 163.

■ In *Rau supra*, we reversed the trial court because the sentencing order did not indicate whether the defendant's sentences were to run concurrently or consecutively. In *Ingerson supra*, we reversed and remanded the proceedings to the superior court, holding that the defendant's due process rights were violated because her suspended or continued sentences could be called forward indefinitely. Therein we stated that "[a] sentence that can be called forward indefinitely, depending on what the trial court considers a reasonable period, does not provide the defendant or society with a sentence in 'plain and certain terms.'" *Ingerson*, 130 N.H. at 116, 536 A.2d at 163.

*Stapleford, Rau* and *Ingerson* stand for the proposition that a sentence must be determinable at the time it is imposed. The order is plain that the defendant was given two years to complete an alcohol rehabilitation program. Nowhere in the March 25 order does it state that the defendant had to enter immediately, and to remain in, an alcohol rehabilitation program as a condition of his deferred sentence.

■ We hold that the trial court's finding that the defendant had violated the conditions of his deferred sentence was error and therefore reverse the court's order imposing the sentence.

■ Furthermore, not only did the trial court find that the defendant had violated the conditions of his deferred sentence, but the court also found, by a preponderance of the evidence, that the defendant failed to remain in and to complete the program at Honor Court and, therefore, violated the terms of his probation as set forth in Probation Rule 12C. The defendant does not argue, in his brief, that this violation of probation finding was itself error or unsupported by the evidence. Nor could he seriously assert that he could not be found to violate the conditions of probation because to do so would interfere with his ability to comply with the terms of a deferred sentence, for to so argue would render meaningless the probationary term. Thus, we affirm the trial court's finding that the defendant violated a condition of his probation. However, because the court can only sentence the defendant for violating his probation, we remand for reconsideration of sentence.

*Reversed in part; affirmed in part; remanded.*

All concurred.