Hillsborough
No. 91-204

### THE STATE OF NEW HAMPSHIRE

v.

### DONNA HUOT

August 14, 1992

*John P. Arnold,* attorney general (*Jeffrey W. Spencer,* assistant attorney general, on the brief and orally), for the State.

*James E. Duggan,* chief appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J.  The defendant, Donna Huot, appeals from a sentencing order made by the Superior Court (*Barry,* J.) upon a finding that she violated the terms of her probation. We reverse.

The facts are not in dispute. On October 30, 1989, the defendant pled guilty to three misdemeanor charges alleging theft by unauthorized taking, in that she stole cash and forged checks from the State welfare office, her workplace. On each charge, the court sentenced the defendant to serve concurrent terms of one year in the house of correction, ninety days stand committed, the remainder deferred, and two years probation to commence upon release from incarceration.

Soon after she had completed her period of incarceration, the defendant was found chargeable on a motion for violation of her probation. The court then sentenced her to stand committed for one year on the first charge; on the second, to ninety days in jail, 180 days deferred for one year, and one year probation, all consecutive to the

first; and on the third, 270 days deferred for one year from release consecutive to the second.

The defendant filed two motions to amend her sentence for the probation violation. First, she argued that because she had already served ninety days on the first charge, the court's imposition of an additional one-year sentence violated the maximum term of imprisonment of one year for a misdemeanor. *See* RSA 651:2, II(c). Second, she maintained that ordering consecutive sentences for the probation violation, where her original sentences were to run concurrently, violated the requirement of determinate sentences set forth in *State v. Rau*, 129 N.H. 126, 523 A.2d 98 (1987). The court granted her first motion and amended her sentence on the first charge to 270 days, stand committed, but denied her second motion. This appeal followed.

The issue before us is whether the sentence imposed in connection with her violation of probation violated the defendant's due process rights under part I, article 15 of the New Hampshire Constitution by imposing consecutive terms of incarceration when the original sentences ran concurrently.

■ We have previously stated that our constitution requires that a defendant be informed at the time of sentencing "in plain and certain terms what punishment has been exacted by the court as well as the extent to which the court retained discretion to impose punishment at a later date and under what conditions the sentence may be modified." *Stapleford v. Perrin*, 122 N.H. 1083, 1087, 453 A.2d 1304, 1306 (1982); *see also State v. Timmons*, 130 N.H. 831, 836, 547 A.2d 312, 315 (1988) ("sentence must be determinable at the time it is imposed").

The defendant argues that, by imposing consecutive terms of incarceration after her probation violation, the court improperly changed the terms of the original sentence in violation of her right to due process. The State counters that the court has not changed the sentence and instead has merely followed through with the terms of probation imposed in the original sentence.

■ The State's argument has merit. We have previously recognized that "[t]rial judges are vested with broad discretionary powers with regard to sentencing," *Rau*, 129 N.H. at 129, 523 A.2d at 100, and that imposing a term of probation is a valuable "tool available to the judiciary in the rehabilitative aspect of the sentencing function," *State v. White*, 131 N.H. 555, 559–60, 556 A.2d 308, 311 (1989).

In *White*, we considered the constitutional implications of probationary terms in the sentencing process. Addressing a double jeopardy claim, we held that a defendant is presumed to know that a violation of probation may lead to "further incarceration, not to exceed the [statutory maximum]," and that by imposing additional terms of incarceration upon revocation of probation the court is considered to have taken "the next step in the original sentencing process." *White*, 131 N.H. at 558, 556 A.2d at 310. We also held, in the context of due process, that when the original sentence is less than the statutory maximum and when the original sentence provides a term of probation, the court retains jurisdiction to incarcerate the defendant further upon a violation of probation. *Id.* at 558, 556 A.2d at 311. In short, "[w]hen probation is imposed, the sentencing function is not ended, however strongly the parties may hope that it has." *Id.*

We agree with the State that the terms of the original sentence notified the defendant of the extent that the court retained jurisdiction and discretion to punish the defendant further for chargeable acts committed during the period of probation. The original sentence stated clearly and specifically that a probationary period would commence upon the defendant's release from incarceration and would remain in effect for two years. *See State v. Rau*, 129 N.H. at 130, 523 A.2d at 101 (court must specify if it intends period of probation to run consecutively).

The State's argument, however, only addresses the jurisdictional question. Although we find that the court has retained jurisdiction to consider and impose additional sentencing during the period of probation, it nevertheless must adhere to the requirement that a sentencing order clearly communicate to the defendant "the exact nature of [the] sentence." *State v. Ingerson*, 130 N.H. 112, 116, 536 A.2d 161, 163 (1987). In this respect, the court failed.

The defendant cites *State v. Timmons* in support of her argument that when the original sentence is "plain, certain and determinable," the sentence must be enforced according to its terms in any later proceedings. She argues that the original sentence clearly stated that the sentences were to run concurrently and, therefore, the terms of the second sentence must also be concurrent.

We agree that the original sentencing order was clear. All three sentences were identical, and the order concludes with the pronouncement that the sentences were concurrent. It cannot be said

that the order was in any way ambiguous. The court's intent at the time of sentencing was emphasized by its decision to reject the State's recommendation that the sentences run consecutively, a term agreed to by the defendant in the negotiated plea. *See Rau*, 129 N.H. at 129, 523 A.2d at 100 ("'Sentences in criminal cases should reveal with fair certainty the intent of the court. . . .'" (quoting *United States v. Daugherty*, 269 U.S. 360, 363 (1926))).

The defendant also argues that subsequent modifications must be consistent with the notice provided by the original sentencing order and the statutory maximum. She states that the controlling statute, RSA 651:2, does not give her notice that a subsequent sentencing order could impose consecutive terms of incarceration. The statute is silent as to whether multiple sentences may be imposed consecutively upon revocation of probation.

■ In *Rau*, we noted in a slightly different context that with the repeal of RSA 651:3, III, which mandated that all multiple sentences were to be served concurrently:

> "New Hampshire law no longer specifies whether multiple sentences imposed run concurrently or consecutively. The legislature repealed [the statute] to afford a judge, with discretion, the option to impose consecutive sentences in order to deal with that group of criminals who need the deterrent of consecutive sentences. The legislature additionally indicated that in the remainder of cases '[judges] should almost always impose sentences concurrently.' N.H.S. JOUR. 306 (1975)."

*State v. Rau*, 129 N.H. at 129–30, 523 A.2d at 100 (citation omitted). We held in *Rau* that

> "when a sentencing order, encompassing multiple counts or multiple indictments, is silent as to whether the sentences imposed on each count or indictment are to run concurrently or consecutively, the presumption is that the sentences run concurrently. If . . . a sentencing court intends to impose consecutive sentences, it must specifically state that intention in its order."

*Id.* at 130, 523 A.2d at 101. Consistent with *Rau* and the general principles of due process, we now hold that if the sentencing court intends to reserve the discretion to impose the statutory balance

consecutively upon revocation of probation, it must give the defendant explicit notice at the time of the original sentencing.

*Reversed and remanded.*

All concurred.