Hillsborough-northern judicial district
No. 94-600

## THE STATE OF NEW HAMPSHIRE

v.

## KENNETH BURGESS

May 23, 1996

*Jeffrey R. Howard*, attorney general (*Ann M. Rice*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. The question in this appeal is a narrow one: Where the trial court imposed a specific sentence and deferred its execution, and the sentence did not provide for probation, did the court have the authority thereafter to add a term of probation at a later hearing on the deferred sentence? In the circumstances of this case, we hold that it did not.

In February 1993, the defendant, Kenneth Burgess, pled guilty to one count of disobeying a police officer. RSA 265:4 (1993). On April 27, 1993, the Superior Court (*Barry*, J.) sentenced Burgess to one to three years in the New Hampshire State Prison, execution of which was deferred for one year. The sentence did not include a term of probation. In March 1994, Burgess moved to suspend the deferred sentence. The State objected to the motion on the basis that Burgess had been charged with driving while intoxicated during the deferral period, a charge to which he ultimately pled *nolo contendere*. On August 3, 1994, the Superior Court (*Lynn*, J.) denied the motion to suspend and imposed a sentence of 153 days, stand committed, with sixty-three days of pre-trial credit, and three years probation upon Burgess' release from jail.

On appeal, Burgess argues that the court did not have the authority to add the term of probation when his original sentence contained no such term. We agree.

█ Due process requires a sentencing court to make clear *at the time of sentencing* "in plain and certain terms what punishment [it is] exact[ing] . . . as well as the extent to which the court retain[s] discretion to impose punishment at a later date and under what conditions the sentence may be modified." *Stapleford v. Perrin*, 122 N.H. 1083, 1087, 453 A.2d 1304, 1306 (1982). The sentencing order must clearly communicate to the defendant "the exact nature of [the] sentence." *State v. Ingerson*, 130 N.H. 112, 116, 536 A.2d 161, 163 (1987).

█ Thus, unless the terms of a sentence at the time it is imposed specifically allow augmentation at a later date, the court may not increase a defendant's penalty at a probation revocation hearing or a hearing on whether to impose a deferred or suspended sentence. *See, e.g., State v. Huot*, 136 N.H. 96, 99–101, 612 A.2d 362, 364 (1992) (where original sentencing order was clear in making suspended sentences on multiple charges concurrent, the trial court, in revoking probation, has no authority to alter the sentence by imposing the sentences consecutively rather than concurrently); *State v. Timmons*, 130 N.H. 831, 836, 547 A.2d 312, 315 (1988) (where sentencing order was plain that the defendant was given two years to complete an alcohol rehabilitation program, the trial court erred in finding, prior to the expiration of the two-year window, that the defendant had violated the conditions of his deferred sentence; order imposing the sentence reversed). Likewise, if the terms of a sentence are *not* entirely clear at the time of sentencing, we will not speculate about what sentence the court might have intended; rather, we will construe the sentencing order so as to enforce the

terms that *are* clear but not to augment the sentence beyond such terms. *See, e.g., State v. Rau,* 129 N.H. 126, 130, 523 A.2d 98, 101 (1987).

The present situation fits squarely within the rules of *Stapleford* and its progeny. The sentencing court failed to give Burgess "explicit notice at the time of the original sentencing," *Huot,* 136 N.H. at 101, 612 A.2d at 364, that he might be subjected to a term of probation. On the contrary, the sentence was clear at the time it was imposed: it contained *no* term of probation. *See Timmons,* 130 N.H. at 836, 547 A.2d at 315. Because the original sentence did not include such a term, and because the court did not retain discretion to add probation at a later date, *see Stapleford,* 122 N.H. at 1087, 453 A.2d at 1306, the court had no more authority to add probation at Burgess' deferred sentence hearing than the *Huot* court had to augment that defendant's sentence at the probation revocation hearing. *See Huot,* 136 N.H. at 99–101, 612 A.2d at 364; *Ingerson,* 130 N.H. at 114, 536 A.2d at 162; *Rau,* 129 N.H. at 131–32, 523 A.2d at 102.

Even though a sentencing court ordinarily has no authority to add a term of probation at a later date unless the original sentence clearly notifies the defendant that it retains discretion to do so, the State argues that a statute specifically authorizes such an action where a suspended sentence is later revoked. In such circumstances, RSA 651:21 (1986) permits the court to impose probation during the time that any portion of the sentence remains suspended. If RSA 651:21 applied to this case, then the State's position might have merit. *Cf. State v. White,* 131 N.H. 555, 558, 556 A.2d 308, 310 (1989) (where court previously sentenced defendant to probation and defendant violated probation, *Stapleford* notwithstanding, due process is not violated by a statute which authorizes courts to impose, upon probation violation, the maximum sentence that could have been imposed originally).

■ The State argues that, although Burgess' sentence was "labeled" a "deferred sentence," it falls within the category of suspended sentences governed by RSA 651:21 and that the superior court's 1994 order was in part a revocation of this deferred sentence. We need not reach the question whether a deferred sentence falls within the meaning of RSA 651:21. Even assuming, without deciding, that the final clause of RSA 651:21 does apply to a deferred sentence, it only permits a court to impose probation "during the time any portion of the sentence remains suspended." But in this case, in its August 1994 order, the court did not leave *any* portion of Burgess' previously deferred sentence in a state of

suspension (either suspended or deferred). Instead, the court imposed a portion of the sentence and added a term of probation. Because the court declined either to impose or suspend or further defer the remainder of the previously deferred one-to-three-year term, RSA 651:21 simply does not apply to this case. Because the State has not cited any alternative authority for not following the usual rule that the court was without authority to add an additional term to Burgess' sentence, we hold that the addition of the probationary term was beyond the court's authority and must be vacated.

■■ The State also argues that Burgess waived his objection to the probationary term when he consented to the modification of his original sentence during a colloquy wherein the judge assured himself that the defendant understood what he was doing and voluntarily agreed to the modification. We disagree. When Burgess challenged the trial court's authority to add a term of probation to his sentence at the deferral hearing, the court stated that, if Burgess maintained that position, the court would have no alternative but to impose the entire one-to-three-year deferred prison sentence, although the court believed it was "more than he should serve." This warning, which led Burgess to accept the modified sentence, was improper and, at the least, vitiated the "free and unconstrained choice" that is the touchstone of valid consent. Cf. State v. McDermott, 131 N.H. 495, 500, 554 A.2d 1302, 1305 (1989) (quotation omitted) (confession obtained by promises of confidentiality held involuntary). In any event, the State's waiver argument would fail even if the court had not informed Burgess that his refusal to accept the amended sentence might result in imposition of the entire deferred prison sentence. If, as we hold today, the court has no authority to add a term of probation to Burgess' sentence in the absence of a statute specifically authorizing such an addition, then the consent of the defendant cannot make such a sentence legal, regardless of whether that consent was given knowingly, intelligently, and voluntarily. See Williams v. State, 500 So. 2d 501, 503 (Fla. 1986) ("A defendant cannot by agreement confer on the court the authority to impose an illegal sentence."); White v. State, 589 A.2d 969, 974 (Md. 1991) ("defendant cannot validate an illegal sentence . . . by consent or waiver").

The superior court exceeded its authority when it added a term of probation to Burgess' sentence. See Huot, 136 N.H. at 99–100, 612 A.2d at 364. Because probation had not been a part of the original sentence, we vacate the court's August 1994 sentence to the extent it provided for probation and remand to the trial court for resen-

tencing. *See State v. Wisowaty*, 133 N.H. 604, 608–09, 580 A.2d 1079, 1081 (1990). The court may impose a period of incarceration up to a maximum of one to three years, and it may suspend all or part of that sentence.

*Vacated in part; remanded for resentencing.*

BRODERICK, J., did not sit; the others concurred.