Hanover District Court
No. 95-522

THE STATE OF NEW HAMPSHIRE

v.

JASON ROTHE

December 29, 1997

*Steven M. Houran*, acting attorney general (*Janice K. Rundles*, senior assistant attorney general, on the brief and orally), for the State.

*Joachim Barth*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

THAYER, J. The defendant, Jason Rothe, appeals the Hanover District Court's (*Daschbach*, J.) sentencing order, which suspended his previously deferred sentence and placed him on probation. We vacate and remand for resentencing in accordance with this opinion.

The parties do not dispute the essential facts. The defendant pleaded *nolo contendere* to a misdemeanor offense of controlling a premises where a controlled drug is illegally kept. *See* RSA 318-B:26, III(a) (1995). The district court entered a finding of guilty and sentenced the defendant to thirty days in the house of corrections, which was deferred for one year. The court conditioned the deferral on the defendant's participation in treatment at a local substance abuse counseling center. The district court also imposed a fine, but suspended it.

Near the end of the deferral period, the defendant moved to

suspend the sentence. Following a hearing, the court suspended the sentence for one year and placed the defendant on probation for one year for the purpose of drug testing. This appeal followed.

■ The defendant contends that the imposition of probation after he was originally sentenced violated part I, article 15 of the New Hampshire Constitution and the fifth and fourteenth amendments to the United States Constitution. We agree that the order infringed upon the due process protections guaranteed to the defendant under our constitution, and therefore, we need not engage in a federal constitutional analysis. *See State v. Goodnow,* 140 N.H. 38, 40, 662 A.2d 950, 951 (1995); *State v. Ball,* 124 N.H. 226, 232, 471 A.2d 347, 351 (1983).

We have characterized sentencing as the process in which rehabilitation, deterrence, and punishment converge, and where the sentencing court, directed by the Criminal Code and common law, hands down society's punishment upon a defendant for his or her crime. *Stapleford v. Perrin,* 122 N.H. 1083, 1087, 453 A.2d 1304, 1306 (1982). Due process requires that the court inform the defendant at the time of sentencing "in plain and certain terms what punishment it is exacting as well as the extent to which the court retains discretion to impose punishment at a later date and under what conditions the sentence may be modified." *State v. Burgess,* 141 N.H. 51, 52, 677 A.2d 142, 143 (1996) (quotation, brackets, and ellipsis omitted); *accord State v. Huot,* 136 N.H. 96, 98, 612 A.2d 362, 363 (1992).

In *Burgess,* we faced the same issue we encounter today. There, the trial court sentenced the defendant to one to three years in the State Prison, which the court deferred for one-year. *Burgess,* 141 N.H. at 52, 677 A.2d at 143. The trial court's original sentencing order did not include a term of probation. *Id.* Near the end of the deferral period, the trial court denied the defendant's motion to suspend his sentence, imposed incarceration for a portion of the sentence, and added three years probation upon the defendant's release. *Id.*

On appeal, we explained that the original sentencing order failed to give the defendant notice of this potential probationary term by either including a term of probation in the order or by retaining discretion to add probation to the order. *Id.* at 53, 677 A.2d at 144. We held that the trial court lacked authority to add the term of probation to the defendant's sentence. *Id.*

The State, in *Burgess,* contended that RSA 651:21 (1986) provided the trial court with the authority to impose such a sentence. *Burgess,* 141 N.H. at 53, 677 A.2d at 144. RSA 651:21 authorizes a court, after revoking a portion of a suspended sentence, to impose

probation while any portion of a sentence remains suspended. Although we assumed without deciding that RSA 651:21 applies to deferred sentences, we determined that the statute did not authorize the term of probation imposed because the defendant's previously deferred sentence was no longer in a state of deferral or suspension. *Id.* at 53-54, 677 A.2d at 144.

In the instant case, the original sentencing order neither contained a term of probation nor provided for retained discretion to impose probation at the end of the deferral period. Therefore, we hold that the original sentencing order failed to give the defendant explicit notice that he was subject to a term of probation. *See id.* at 53, 677 A.2d at 144.

■ As in *Burgess*, the State contends that the trial court has statutory authority to impose probation pursuant to RSA 651:21. The State argues that a deferred sentence is nothing more than a suspended sentence, the execution of which is delayed. We are not persuaded. Unlike suspended sentences, *see* RSA 651:20 (1996) (amended 1996), deferred sentences lack explicit statutory authorization. Nevertheless, the legislature impliedly condones deferred sentences. *See* RSA 159:3-a, III (1994); RSA 331-A:26, III (1995); RSA 625:9, VIII (1996). When the legislature has intended a statute to apply to both suspended and deferred sentences, it has expressly indicated its intention by referring to both types of sentences. *See* RSA 159:3-a, III (1994); RSA 331-A:26, III (1995); RSA 625:9, VIII (1996). The statute's language appears clear. The legislature's use of the disjunctive "or" indicates that the legislature considers suspended sentences and deferred sentences to be distinct sentencing options. Furthermore, rules of statutory construction counsel us to treat deferred sentences and suspended sentences as separate concepts. *See, e.g., In re Guardianship of Raymond E.,* 135 N.H. 688, 691, 609 A.2d 1220, 1222 (1992) (stating that "normally the expression of one thing in a statute implies the exclusion of another"). We will not look beyond the language of a statute to determine legislative intent if the statute's language is clear and unambiguous. *State v. Harnum,* 142 N.H. 195, 197, 697 A.2d 1380, 1382 (1997).

The legislature referenced only suspended sentences in RSA 651:21. We will not read other types of sentences, not included by the legislature, into the statute. Accordingly, we vacate the district court's sentencing order and remand for resentencing consistent with this opinion.

*Vacated; remanded
for resentencing.*

All concurred.